## WILLIAM M. FRY

*v.*

## PRUCIA MORRISON.

*Filed at Springfield January 17, 1896.*

1. WILLS—*facts necessary to entitle a will to probate.* To entitle a will to probate it must be in writing, signed by the testator, or by some one in his presence by his direction, attested by two or more credible witnesses, two of whom must swear they saw the testator sign the will in their presence or that he acknowledged the same to be his act and deed, and that they believe the testator to have been of sound mind and memory at the time.

2. SAME—*probate of codicil—effect on will.* When a codicil is written on the same piece of paper or a separate one, and clearly and unmistakably refers to the will so as to preclude all doubt as to its identity, proof of the codicil will establish the will.

3. SAME—*sufficiency of proof of will and codicil.* Where the same witnesses subscribed and attested both a will and codicil, written upon the same sheet of paper, testimony by such witnesses that they were present and saw the will and codicil executed, and that they believed the testatrix was of sound mind and under no restraint "when she signed the will," is sufficient proof of both will and codicil.

4. ADVANCEMENTS—*effect of taking conveyance in wife's name.* Lands which are purchased and paid for by a husband and conveyance thereto taken in his wife's name are presumed to be intended as an advancement, notwithstanding the husband for a long period afterwards lived upon such lands and treated them as his own, paying taxes and making valuable improvements.

5. ESTOPPEL—*effect of taking beneficial interest under will.* One taking a beneficial interest under a will is estopped to set up any right or claim of his own, even though otherwise well founded, which will operate to defeat the effect and operation of any part of such will.

APPEAL from the Circuit Court of Greene county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

On the 15th day of May, 1884, appellant's wife, Julia W. Fry, made her last will and testament, in which she gave, devised and bequeathed unto her husband all her estate, both real and personal, of every description. Afterward, on June 22, 1887, Mrs. Fry, it is claimed by

appellee, executed a codicil to her will, in which she gave, devised and bequeathed unto appellee the sum of $150 per year as long as appellee should live, to be paid to her annually out of the testatrix's estate.    On December 31, 1887, Mrs. Fry died, and on the 16th day of February, 1888, her will and the codicil thereto were produced in the county court of Greene county, Illinois.    Affidavit of the death of testatrix, and the affidavit of the witnesses who attested the execution of the will and the codicil thereto, were filed, which was all the proof filed and submitted in the county court.    The affidavit of the witnesses discloses that "witnesses were present and saw the said Julia W. Fry sign said will and codicil in their presence;" also, that "they believed the said testatrix was of sound mind and memory, of lawful age, and under no restraint when she signed said will."    The county judge accepted. said will, proof of death and proof of said will, and directed the evidence to be filed and entered of record and the will to be filed.    He endorsed the will as follows: "Last will of Julia W. Fry.    Will admitted to probate this 16th day of February, A. D. 1888."    The judgment of the county court recites that due proof was made, to the satisfaction of the court, of the death of Julia W. Fry, and that the witnesses to the last will and testament of said Julia testified that at the time of the execution of said instrument they believed the testatrix to be of sound mind and memory, and the court then ordered said testimony to be entered in full, and adjudged that said instrument be declared to be duly and sufficiently proven and authenticated as the last will and testament of Julia W. Fry, deceased, and ordered "that said will be entered of record."

Appellee filed her bill in chancery in the circuit court of Greene county, Illinois, on January 13, 1891, in which she stated that Julia W. Fry left her last will and testament and codicil thereto, and that the will was duly probated in the county court on the 16th day of February,

1888, and that deceased was the owner, at the time of her death, of only a small amount of personal estate, and was the owner in fee simple of the premises in controversy, and asked the court to compel the appellant to pay her the $150 per annum directed by the codicil to be paid, and for a decree that the same be declared to be a lien upon the real estate in controversy, etc. The appellant answered the bill, in which he denied that Julia W. Fry "left the codicil in said bill set out, to her said will."

The circuit court, on September 19, 1894, heard the cause, and upon consideration thereof found that the allegations of the bill were true; that Julia W. Fry departed this life, testate, on December 31, 1887, leaving a last will and testament and codicil thereto; that said last will and testament, and said codicil thereto, were duly probated in the county court of Greene county, Illinois, on February 16, 1888; that at the time of making said codicil, and at the time of her death, Julia W. Fry had no personal estate, but at said time was seized in fee simple, and died so seized in fee, of the premises in controversy; that the said tract has been occupied, since the death of Julia W. Fry, by her husband, and that the rental value amounts to $550 per year; that no part of the annuity of $150 mentioned in said codicil had been paid; that after the payment of the annual taxes, insurance and reasonable repairs on said real estate, the net rental value, annually, of said real estate, ever since the death of the said Julia W. Fry, has been more than enough to pay said annuity; that up to December 31, 1893, the amount of the annuity due and unpaid to complainant under said codicil is the sum of $900, and said amount is a charge upon said real estate, and upon the rents, issues and profits thereof. The court adjudged that the defendant, William M. Fry, pay to the complainant said sum of $900 within forty days from the date of the decree, and in default thereof ordered that an execution issue against said real estate for the col-

lection of said amount; that the defendant, on the 31st day of December, 1894, and on the 31st day of December in each and every year thereafter, during the lifetime of the complainant, pay the sum of $150 to the complainant, and in default thereof an execution be ordered to issue against said real estate, and that in case of sale of real estate, or any part thereof, under such execution, the sale be made subject to the lien of the annuities subsequently becoming due from year to year. The defendant was also ordered to pay the costs of the suit. To which rulings, findings and decree of the court the defendant then and there excepted, and prayed an appeal to the Supreme Court.

James R. Ward, for appellant:

The codicil was not duly proven and admitted to probate. Rev. Stat. chap. 148, secs. 2, 7; *Allison* v. *Allison,* 46 Ill. 63; *Dickie* v. *Carter,* 42 id. 385; *Crowley* v. *Crowley,* 80 id. 469; *Canatsey* v. *Canatsey,* 130 id. 400; *Wild* v. *Sweeney,* 85 id. 52; *Bowen* v. *Allen,* 113 id. 57.

Mrs. Fry was not seized in fee simple of the real estate in controversy at the time of her death. It is a general rule that when real property is purchased by one who furnishes the consideration paid and the title is conveyed to another, a resulting trust arises from the transaction in the person to whom the conveyance is made, who will hold the property in trust for the one who furnished the consideration. *Champlin* v. *Champlin,* 136 Ill. 309; *Scheerer* v. *Scheerer,* 109 id. 11; 2 Story's Eq. Jur. (1st ed.) sec. 1201.

When a resulting trust arises, see *Tomlinson* v. *Matthews,* 98 Ill. 185; *Mink* v. *Crilley,* 22 Ill. App. 542; *Van Buskirk* v. *Van Buskirk,* 148 Ill. 25; *Furber* v. *Page,* 143 id. 631; *Ward* v. *Armstrong,* 84 id. 151.

The property constitutes appellant's homestead, and is exempt from the power of devise or conveyance. Rev. Stat. chap. 15, secs. 1-3; chap. 39, sec. 10; chap. 41, sec. 37.

By virtue of section 10, chapter 59, of the Revised Statutes, the codicil was and is void. *Ward* v. *Ward*, 134 Ill. 421; *Cowdrey* v. *Hitchcock*, 103 id. 271.

LEVI DAVIS, Jr., for appellee:

The word "estate" includes all things, real and personal, (*Popham* v. *Banfield*, 1 Salk. 236; *Whittaker* v. *Whittaker*, 40 N. J. Eq. 33; *Cook* v. *Lanning*, id. 369;) and when legacies are directed to be paid out of the "estate" of a testator, and there is nothing to restrict the meaning of the word to personalty, the real estate is held to be charged with the legacies. *Worth* v. *Worth*, 95 N. C. 239; *Bryan* v. *Lamb*, 2 Dev. Eq. 372; *Biddle* v. *Carraway*, 6 Jones' Eq. 95; *Taft* v. *Morse*, 4 Metc. 523; *Hunt* v. *Hunt*, 4 Gray, 190; *Cox* v. *Corkendall*, 13 N. J. Eq. 138; *Langworthy* v. *Golden*, 28 Ill. App. 119; *Potter* v. *Gardiner*, 12 Wheat. 498; *Gardner* v. *Gardner*, 3 Mason's C. C. 178.

It is a well settled rule in equity that a person, by taking any beneficial interest under a will, is thereby held to confirm and ratify every other part of the will,— or, in other words, he shall not take any beneficial interest under a will and at the same time set up any right or claim of his own, even if otherwise legal and well founded, which shall defeat or in any way prevent the full effect and operation of any part of the will. *Gorham* v. *Dodge*, 122 Ill. 17; *Woolley* v. *Schrader*, 116 id. 36; *Ditch* v. *Sennott*, 117 id. 367; *Wilbanks* v. *Wilbanks*, 18 id. 17; *Brown* v. *Pitney*, 39 id. 468; *Stunz* v. *Stunz*, 131 id. 217.

The general rule is, that a purchase of land by a husband in the name of his wife will be presumed to be an advancement, and not a trust. *Maxwell* v. *Maxwell*, 109 Ill. 588.

A codicil duly executed and attached, or referring to a paper defectively executed as a will, has the effect to give operation to the whole as one instrument. 3 B. Mon. 390; 6 Johns. Ch. 374; 14 Pick. 543; *Brown* v. *Riggin*, 94 Ill. 560; *Duncan* v. *Duncan*, 23 id. 364.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellant's first contention is, the codicil upon which appellee bases her claim to an annuity was not duly proved and admitted to probate. It is provided by section 2 of the Statute of Wills, that all wills, testaments and codicils by which lands, annuities, etc., are devised, shall be reduced to writing, and signed, etc., in the presence of two or more witnesses attesting the same, two of whom, declaring on oath before the proper court, etc., "shall be sufficient proof of the execution of said will, testament or codicil to admit the same to record." We have held: "To entitle a will to probate four things must concur: it must be in writing and signed by the testator or testatrix, or in his or her presence by some one by his or her direction; it must be attested by two or more credible witnesses; two witnesses must prove that they saw the testator or testatrix sign the will in their presence, *or* that he or she acknowledged the same to be his or her act and deed; they must swear that they *believed* the testator or testatrix to be of sound mind and memory at the time of signing or acknowledging the same." *Dickie* v. *Carter*, 42 Ill. 376; *Canatsey* v. *Canatsey*, 130 id. 397; *Crowley* v. *Crowley*, 80 id. 469.

The generic term "will" includes codicils, and legal provisions relating to wills must be understood as embracing codicils. A codicil duly attested is a will. The authorities are uniform in holding that proof of a codicil, whether written on the same paper or on separate paper, which codicil clearly and unmistakably refers to the will so as to preclude all doubt of its identity, establishes the will without further proof. Such is the rule in this State. (*Duncan* v. *Duncan*, 23 Ill. 306, and authorities cited.) In this case it was said (p. 308): "When the codicil is written on the same paper, or clearly refers to and identifies the will, no reason is perceived why the proof of the

codicil should not establish the will. When that has been done, the requirements of the statute and its object has been fully accomplished. All fraud is prevented as effectually as if the will itself was proved by subscribing witnesses. This codicil refers to and makes the will a part of itself. The preceding will being on the same piece of paper, the proof of the due execution of the codicil necessarily gives effect to the whole paper consisting of the two parts, constituting together one will."

In the case now before the court, the codicil and will, being on the same piece of paper, were each attested by the same witnesses. The papers attested by these witnesses together constituted one will. The witnesses appeared before the probate court, and their testimony shows they were present and saw the testatrix sign the will and codicil in their presence, and they believed the testatrix was of sound mind and memory, of lawful age, and under no restraint when she signed said will. The last clause of the affidavit of the attesting witnesses, in referring to the condition of mind of the testatrix "when she signed said will," can by no reasonable interpretation be held to exclude the codicil as being a part of the will. They saw the testatrix sign both parts, which they attested, and when the will—the entire instrument—was made she was of sound mind and memory, of lawful age and under no restraint, as they believed. This testimony fulfilled all the requirements of the statute, as we have held it, and was sufficient to authorize the entire instrument to be admitted to probate.

It is next contended that the testatrix, at the time of her death, was not seized, in fee simple, of the real estate on which the annuity is sought to be declared a lien. The evidence shows that on August 29, 1878, appellant was the owner of certain property, which he and his wife conveyed to Thomas H. Boyd in exchange for the premises in controversy. Thomas H. Boyd and wife on the same day conveyed the premises in controversy to Julia W. Fry,

the wife of appellant. Appellant was at that time finan-
cially embarrassed and was anticipating a financial crisis.
He and his wife took possession of the premises in con-
troversy the following March, and occupied the same
from that time down to the time of her death as their
homestead, with the exception of a temporary removal,
for a period of about two years, to the home of appel-
lant's father. Appellant with his own funds erected
barns, remodeled and repaired the dwelling house, con-
structed fences, out-houses, cisterns and walks, and made
other like improvements upon the premises in contro-
versy, and expended the sum of $5127 in that behalf, in
the lifetime of his wife. The premises in controversy
were assessed, after August 29, 1878, in the name of the
appellant, who from his own funds paid all taxes and
assessments upon the same, including the taxes assessed
in 1878, which, to the time of the taking of testimony in
this case, aggregated $1489.77. He also expended his
funds in keeping the premises insured. During all that
period the rental value of the premises ranged from four
dollars to five dollars an acre per annum, and the entire
premises were controlled and treated by the appellant as
his own, in fee, during the lifetime of his wife, notwith-
standing they were conveyed to her. After the death
of his wife appellant continued to occupy the premises.
It does not appear the deed was made to the wife by rea-
son of any fraud or mistake, or was in her name without
the knowledge or consent of the husband. Neither are
facts shown by the evidence in this record which will
overcome the general presumption that where lands are
purchased and paid for by the husband and the title
taken to his wife it will be intended as an advancement.
The facts here relied on are very similar to those in *Max-
well* v. *Maxwell*, 109 Ill. 588, where it was said (p. 592): "The
facts relied upon by complainant to overcome the pre-
sumption are, that he entered into the possession of the
land, improved it, paid the taxes, and occupied it with

his wife as a homestead, as his own property.   There is nothing, however, in these facts inconsistent with the theory that the land was conveyed to the wife as an advancement to her.   *  *  *   The possession and improvements of the complainant, as well as the payment of taxes, may with the same propriety be presumed to have been under his life estate in the lands as under a claim of title in fee."   On the question under discussion that case is conclusive of this.

Appellant next urges, that if the testatrix was seized in fee simple of the premises in controversy at the time of her death, then, under the facts of this case, appellant had an estate of homestead, which could not be affected or divested by the codicil.   By the terms of the will the property and estate of the testatrix were devised to the appellant subject to this annuity.   At no time has he renounced under the will.   It is a well settled rule in equity, that a person, by taking any beneficial interest under a will, is thereby held to confirm and ratify every other part of the will,—or, in other words, he shall not take any beneficial interest under a will and at the same time set up any right or claim of his own, even if otherwise legal and well founded, which shall defeat or in any way prevent the full effect and operation of any part of the will.   *Gorham* v. *Dodge,* 122 Ill. 528; *Brown* v. *Pitney,* 39 id. 468; *Woolley* v. *Schrader,* 116 id. 29; *Wilbanks* v. *Wilbanks,* 18 id. 17; *Stunz* v. *Stunz,* 131 id. 210; *Cowdrey* v. *Hitchcock,* 103 id. 262.

Appellant insists the two last cases are in conflict with the statute, and opposed to the legislative enactments in force in this State.   A careful examination of the reasoning on the part of appellant's counsel does not tend to cause us to qualify those cases.

It is next insisted by appellant's counsel that by virtue of section 10, chapter 59, of the Revised Statutes, the codicil is void.   We do not accept the applicability of the reasoning to the will in question, and will not extend this

opinion by a discussion of that section of the statute, as there is here no question of the claims of creditors against the testatrix.

It is finally urged that the decree is inequitable. We have examined the questions in this record, and every principle of law sustains the decree, and no other finding or construction could have been had without doing violence to established rules. The rights of the parties are fixed by law, and it is a maxim that "equity follows the law."

We find no error in the decree, and it is affirmed.

*Decree affirmed.*