G. A. HOLLAND ET AL. v. J. R. COUTS, JR., ET AL.

Decided April 7, 1906.

**1.—Insane Person—Suit by Next Friend.**

A person of unsound mind may maintain a suit by next friend in the Probate Court in this State to annul the probate of a will.

**2.—Will—Election—Estoppel.**

A wife devised her entire interest in the community estate to her surviving husband; her will was duly probated, and after the lapse of four years the husband, asserting claim to the entire community estate by virtue of said will, conveyed by deeds of gift portions of said estate to several of the children of himself and his deceased wife; the said children accepted and held the land so conveyed by said deeds until after the death of their father, when they instituted suit to set aside the probate of the will of their mother on the ground of mental incapacity. Held, that said children were estopped by the doctrine of election from attacking said will.

**3.—Fee—Guardian ad Litem.**

By article 1211, Rev. Stats., the trial court is vested with discretion in allowing a fee to a guardian ad litem.

Appeal from the District Court of Parker County. Tried below before Hon. J. W. Patterson.

*Hood & Shadle* and *C. K. Bell,* for appellants.

*F. O. McKinsey, McCall & McCall* and *H. L. Moseley,* for appellees.

CONNER, CHIEF JUSTICE.—This is an appeal from the judgment of the District Court of Parker County annulling the last will and testament of Mrs. Martha Couts at the instance of her surviving child-

ren.   Martha Couts died in the county named on the 6th day of February, 1894, devising her entire estate to her surviving husband, J. R. Couts, Sr., who subsequently, to wit, on June 12, 1895, probated the will and thereunder asserted title.   The estate so devised consisted principally, if not wholly, of the deceased wife's interest in a large community estate of herself and said husband.   J. R. Couts, Sr., died on the 29th day of November, 1904, leaving a will by which he devised all of his property to appellants in trust, appointing them independent executors.   Appellants seasonably and duly qualified as such, and together with others were cited to appear in the County Court and answer the petition of certain of the surviving children of Martha and J. R. Couts, Sr., to set aside the said will of their mother on the ground of a want of mental capacity in her to make it at the time it was executed. The trial in the County Court resulted in a judgment setting the will and its order of probate aside, whereupon appellants appealed to the District Court where a trial de novo resulted in a like judgment, as stated in the beginning of this opinion.

The principal questions on this appeal arise from the court's rulings on certain demurrers.   Two of appellees, J. R. Couts, Jr., and Mrs. Mattie Putman (nee Mattie Couts), sued by J. A. Chapman as next friend, it being alleged that they were without a guardian and were of unsound mind, and appellants assign error to the action of the court in overruling their special exception to such appearance.   The contention is that "a next friend is not authorized by the law of this State to institute and maintain a proceeding in a Probate Court for the purpose of annulling the probate of a will, such suit can only be brought by a guardian."

We have had but little hesitation in overruling this contention.   It is well settled, and appellants concede, that in this State a suit in behalf of a person of unsound mind can be instituted and maintained by a next friend in a court of general jurisdiction.   See Holzheiser v. Gulf, W. T. & P. Ry. Co., 11 Texas Civ. App., 677, and Hughey v. Mosby, 71 S. W. Rep., 395.   It seems equally well settled that a County Court's jurisdiction over probate matter, including the contest of a will, is general.   See Murchison v. White, 54 Texas, 78; Crawford v. McDonald, 88 Texas, 626; Henry v. Roe, 83 Texas, 446; Franks v. Chapman, 61 Texas, 576; Dew v. Dew, 23 Texas Civ. App., 679.   The County Court then, and afterwards the District Court, in the trial of this case were in the exercise of the general power conferred upon these courts by the Constitution and laws of this State and were not engaged in a special proceeding authorized by some law limiting the practice to its own provisions.   In other words, said courts were empowered to try the contest herein conformably to general rules of practice obtaining in other cases, and if, as we have seen, in other cases a *non compos mentis* may sue by next friend, no good reason is perceived why he may not do so in a proceeding to set aside a will.   The same convincing reason for the rule applies in one case as in the other, and we hence overrule appellants' first assignment of error.

The remaining question presents greater difficulty.   Among other things appellants, by an amended answer filed in the District Court, specially pleaded:   "That after the expiration of more than four years

from the time of the probate of the said will of the said Mrs. Martha Couts, the said J. R. Couts, Sr., and his daughters, Mrs. Margaret Moseley, Mrs. Mary C. Burnett, Mrs. Leah Anderson and Mrs. Susie C. Grant, each believing that the time within which the probate of the will of the said Mrs. Martha Couts could be attacked for any cause had expired, the said J. R. Couts, Sr., conveyed by deed of gift to each of his said daughters, Mrs. Margaret Moseley, Mrs. Mary C. Burnett, Mrs. Leah Anderson and Mrs. Susie C. Grant, property the title to one-half of which he had obtained through and by virtue of the aforesaid will of the said Mrs. Martha Couts, and the other half of which he owned in his own right." The persons named are appellees herein and married daughters of J. R. Couts, Sr. The answer proceeds to describe with particularity the property alleged to have been so conveyed, and specially sets forth that in 1899 J. R. Couts, Sr., so deeded to Mrs. Moseley a large amount of property situated in Parker and Palo Pinto Counties, it being alleged that the same was conveyed to her "for and during her natural life and with remainder at her death to her children in fee simple." That a like deed to a large amount of property was also made in 1899 to Mrs. Anderson. That in December, 1898, J. R. Couts, Sr., so conveyed to his daughters, Mrs. Burnett and Mrs. Grant, the absolute title to 202 shares of the capital stock of the Citizens National Bank of Weatherford, and about 3,000 acres of land in Hood and Parker Counties. It is charged that Mrs. Burnett, in 1900, for a consideration of $7,500, conveyed her interest in the above land to A. N. Grant, who is the husband of Mrs. Grant, an appellee herein. It is also alleged in said special answer that the several donees above named severally elected to accept the said deeds to them and the property so conveyed and have ever since severally occupied the lands and appropriated the revenues of the property conveyed to their own use, by reason of all of which it is pleaded they are now estopped from maintaining the invalidity of their mother's will.

The appellees against whom this answer was directed excepted thereto on the grounds that it did not appear to have been one and the same transaction, or that the property so received was equal in value to their respective interests in their mother's estate or was accepted in settlement of their interests therein, and generally that the answer fails to aver sufficient facts to show an estoppel. The court sustained these exceptions and appellants assign error to the ruling.

If the facts alleged are sufficient as against any one or more of appellees to constitute an estoppel by way of an election, the special grounds of objection as to such appellee or appellees, are wholly immaterial. So that we feel called upon to answer only the general exception to the plea. The doctrine of election had early recognition in courts of equity and has received much attention from text writers and in decisions of the courts. As so often happens in other cases, our difficulty has been in the application of its rules rather than in ascertaining what they are, and we shall therefore make but brief preliminary reference to the authorities. In Mr. Pomeroy's work on Equity Jurisprudence, third edition, volume 1, article 463, it is said that the germ of the doctrine of election is to be found in the Roman Law. That law was to the effect that an acceptance of the property of a testator under

a will made in the manner then in vogue subjected the devisee not only to the burdens created by the instrument, but also to the debts and liabilities of the testator. In other words, the acceptance was required to be *cum onere*. As applied to the facts alleged in the plea before us, the following quotation from one of our own decisions also seems pertinent, namely: "The principle of election is, that he who accepts a benefit under a will (or deed) must adopt the whole contents of the instrument, so far as it concerns him; conforming to its provisions and renouncing every right inconsistent with it." (Philleo v. Holliday, 24 Texas, 45.) Quoting this language and applying the principle in the later case of Smith v. Butler, 85 Texas, 126, our Supreme Court seems to have held in effect that the will of a deceased husband disposing of the entire community estate of himself and surviving wife, to whom he devised a life estate in part, required of the wife an election whether she would claim under the will or assert her community rights. Why, then, should it be said that the acceptance of the deeds mentioned in the plea under consideration, and of the benefits so conferred, did not require of the accepting beneficiaries an election? If the appellees named in the plea intended to assert their rights to the community interest of their mother in the property conveyed by the deeds, as heirs, rather than by virtue of the deed of their father, that intention should, in justice to the father and to other heirs, have been manifested at the time. The deed of the father conveyed in severalty specified parts of the community estate. This was inconsistent with the general right of an heir to an undivided interest. As heirs merely, the donees had no legal right to the sole use and benefit of the segregated parts accepted by them. Such acceptance, use and benefit would certainly start the statute of limitations and in time bar the right of all persons not exempt therefrom. By the deeds of the father there was confessedly a large amount of his own property abstracted from this estate, which, in the absence of such deeds, would presumably have inured in part to the benefit of his children to whom no deeds of gift were made. To now permit appellees to retain the property of the father received and yet claimed by virtue of the deeds of gift, and at the same time award to them the benefit of their full share in the mother's estate, is to contravene the plain legal effect of the deed and the manifest intent of the grantor, as well as to very probably operate to the injury of other children. The record fails to disclose what effect, if any, the alleged gifts had upon the plan adopted in the subsequent disposition of his property by will, but it seems certain that we have no means of knowing that J. R. Couts, Sr., would have preferred appellees as he did, had he supposed that they would repudiate his asserted title to one-half of the property conveyed and claim as heirs in opposition to his deeds of gift. The plea renders it certain that J. R. Couts, Sr., dealt with the former community interest of his wife as his own, and that by the deeds of gift his purpose was to thereby dispose of it as was done with his own community interest, for the plea alleges that by the deeds to Mrs. Moseley and Mrs. Anderson a life estate only was invested in them, with remainder to their children. By the execution of the deeds said children became invested, subject only to the life estate, with the fee, a condition of title wholly inconsistent with the absolute right of an

heir, as now claimed by Mrs. Moseley and Mrs. Anderson. While the same feature is not found in the deeds of Mrs. Burnett and Mrs. Grant, it seems equally certain, when all the circumstances alleged are considered, that J. R. Couts, Sr., intended to convey to them absolutely all property described in the conveyances as against the right, or supposed right of any of his and his deceased wife's other children, and the plea alleges that it was so accepted and used. So that we see no legal ground for distinguishing the cases of Mrs. Moseley and Mrs. Anderson from those of Mrs. Burnett and Mrs. Grant. The deeds to all of them, in our judgment, required of the donees an election. It is alleged that an election to take thereunder was in fact made. If so, it is now too late to claim in opposition thereto.

A number of cases will be cited that we think more or less directly support the conclusion reached by us, and it may perhaps be serviceable to particularly refer to the case of Barrier v. Kelly, by the Supreme Court of Mississippi, reported in 62 Law Rep. Ann., 421. In that case, briefly stated, a Mrs. Ray upon the same day executed deeds of gift to her two sons. In the deed to one she, supposing that she had right thereto, conveyed property wholly belonging to the other by right of heirship from his deceased father. The son whose property was so conveyed was held to be estopped from its recovery on the ground that the deed from his mother to him conveyed property that he would not have otherwise received, and that by the acceptance of said deed and of the benefits thereof he must be held to have elected to take thereunder. See also Utermehle v. Norment, 197 U. S., 40; Peters v. Bain, 133 U. S., 695; Hyde v. Baldwin, 17 Pick:, 303; Brake v. Wild, 39 Atl. Rep., 248; Branson v. Watkins, 23 S. W. Rep., 204; Smith v. Smith, 14 Gray, 532; Fry v. Morrison, 159 Ill., 244; Madison v. Larmon, 62 Am. St. Rep., 356; Fisher v. Boyce, 31 Atl. Rep., 707; 1 Pom., art. 461-2.

We find no error in the matter of the court's allowance of fee to the guardian ad litem of the minor children of Mrs. Moseley and Mrs. Anderson, made the ground of one of the assignments. The statute, Revised Statutes, article 1211, places the subject within the judicial discretion of the court and no abuse thereof appears.

For the error, however, of the court in sustaining appellees' exception to appellants' special plea, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Stephens, Associate Justice, disqualified and not sitting.

Question certified and judgment affirmed.