(No. 11504.—Judgment affirmed.)
SYLVAN NEWHALL *et al.* Appellees, *vs.* SIMEON FRANK NEWHALL *et al.* Appellants.

*Opinion filed October 23, 1917.*

1. WILLS—*proof of execution of codicil establishes the will.* A codicil duly attested is a will, and proof of a codicil, whether written on the same paper with the will or on separate paper, which codicil clearly and unmistakably refers to the will so as to preclude all doubt of its identity, establishes the will without further proof.

2. SAME—*what testimony of attesting witness to codicil is admissible to show that co-witness is misnamed in subsequent codicil.* To show that one of the attesting witnesses to a codicil is misnamed in a subsequent codicil incorporating the will and former codicils, an attesting co-witness to the former codicil may testify, when the will and codicils are offered for probate, that he never witnessed any other codicil of the same date as the one offered for probate or any codicil with the witness named in said subsequent codicil, and in the absence of contrary evidence the court must hold that the instrument offered as a codicil is the one referred to in the subsequent codicil.

3. SAME—*what is sufficient proof to authorize probate of codicil.* Testimony of two of the three attesting witnesses to a codicil showing the execution of the codicil by the testator, his mental capacity and the fact of their being attesting witnesses is sufficient to authorize the admission of the instrument to probate as a codicil, where no other instrument of the same date is offered for probate.

APPEAL from the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding.

TENNEY, HARDING & SHERMAN, (HORACE KENT TENNEY, and CHARLES F. HARDING, JR., of counsel,) for appellants.

WILLIAM H. JOHNSON, and OTTO RAYMOND BARNETT, (FRANK R. GROVER, of counsel,) for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Franklin Newhall, a resident of Glencoe, in Cook county, died December 16, 1915, leaving a paper purporting to be his last will and testament and six purported codicils thereto, which were on petition admitted to probate by the probate court of Cook county, and on appeal to the circuit court of Cook county were by the order and judgment of that court also admitted to probate. The order of the circuit court is, in part, as follows:

"(1) The seven instruments dated as follows: May 30, 1911, November 18, 1911, February 8, 1913, April 8, 1914, July 31, 1914, April 12, 1915, and May 11, 1915, be admitted to probate as and for the last will and testament of said Franklin Newhall, deceased.

"(2) The instrument dated November 18, 1911, is admitted to probate only by virtue of its ratification, confirmation and re-publication in and by said instruments dated, respectively, February 8, 1913, April 8, 1914, April 12, 1915, and May 11, 1915, and as forming a part of said four last mentioned instruments, and not otherwise, and is refused probate as a testamentary instrument independent of said instruments dated February 8, 1913, April 8, 1914, April 12, 1915, and May 11, 1915, and as depending for testamentary effect upon its own proper execution."

Of the instruments referred to in the foregoing order that of May 30, 1911, is the original will and the other

six instruments are the codicils drawn on the respective dates. The circuit court in its final order also found that by the instruments dated April 12, 1915, and May 11, 1915, (the fifth and sixth codicils, respectively,) the instruments dated May 30, 1911, November 18, 1911, February 8, 1913, April 8, 1914, and July 31, 1914, were identified as existing instruments and made a part of said codicils by reference; that each was thereby ratified, confirmed and re-published on the respective dates of said fifth and sixth codicils, and should therefore be construed and considered as a part of those codicils. An appeal was prayed and allowed to certain of the beneficiaries and parties in interest, heirs-at-law of the deceased, and was taken to this court as freehold interests are involved.

· The will and certain of the codicils are lengthy, but the questions arising on the appeal do not involve the manner of distribution or terms of the will and codicils. The only questions argued pertain to the admission to probate of the fourth, fifth and sixth codicils. By the errors assigned appellants do not question the action of the court in admitting the will and the first four codicils to probate as original documents, but object to the admission of the fifth and sixth codicils to probate, and to the holding that the fourth codicil, dated July 31, 1914, which was produced on the trial and which is signed by Fred P. Patton as a witness, is the one which is identified in the fifth and sixth codicils and as a part thereof.

The first codicil, dated November 18, 1911, by its terms confirmed the will except as changed by the codicil, and among other things appointed the Merchants' Loan and Trust Company as one of the executors and trustees jointly with Sylvan Newhall, who had been named executor and trustee in the original will, and fixed their compensation. The second codicil was dated February 8, 1913, and recites the execution of the will and the first codicil, describing them by their dates, and confirms them except as changed

by the second codicil. The third codicil also recites the execution of the will and the two preceding codicils by reference to their dates, and ratifies them except as changed by the third codicil. The fourth codicil does not describe the will or any preceding codicil. In it the testator appoints' the Chicago Title and Trust Company to act as executor and trustee under his last will and its codicils in the place and stead of the Merchants' Loan and Trust Company. This codicil is signed by the testator under seal, and the attestation clause thereto, which is in due form, is signed by William Herbert Johnson, 323 Haven avenue, George S. Carrington, 211 Park avenue, and Fred P. Patton, 710 Greenwood avenue, all of Glencoe, Illinois, as witnesses. The fifth codicil is dated April 12, 1915. In it the testator recites the fact of having made his last will and testament, giving the date and the witnesses, and also describes the previous codicils made to his will, giving the dates and the witnesses, including the one dated July 31, 1914, and describes the latter as witnessed by William Herbert Johnson, George S. Carrington and Frank P. Patton, all residing in Glencoe. In this fifth codicil the testator ratifies, confirms and re-publishes his foregoing last will and testament, together with all said several codicils above described, in every respect except in so far as any part or portion of said last will and testament has been altered or changed by any of said codicils or this codicil. By the sixth codicil (that of May 11, 1915,) the testator describes his original will by its date and names the witnesses, and also describes the first three and the fifth codicils, so that there can be no mistake about their identity, and also refers to a codicil dated July 31, 1914, and witnessed by William Herbert Johnson, George S. Carrington and Frank P. Patton, all residing in Glencoe, and ratifies, confirms and publishes his will, together with the several codicils thereto above described, in every respect except in so far as said last will has been altered or changed or is inconsistent with any of

said codicils or this codicil, and ratifies, confirms and re-publishes each and every one of the aforesaid codicils except in so far as any or either of them shall have been changed or altered or may be inconsistent with subsequent codicils or with this codicil.

It will be noted that the fifth and sixth codicils describe the codicil of July 31, 1914, as being witnessed by Frank P. Patton instead of Fred P. Patton, otherwise the description sufficiently identifies the codicil of July 31, 1914, which was one of the instruments offered for probate and admitted. As we understand the record, the fourth codicil was offered together with the will and other codicils. It is in due form and is duly executed and witnessed. There is a further reference to the fourth codicil (that of July 31, 1914,) in the fifth codicil, the fifth clause of which is as follows: "I desire hereby to clear up any ambiguity as to my certain codicil dated July 31, 1914, by expressing as my will and direction that the Chicago Title and Trust Company, an Illinois corporation having its principal office in Chicago, shall act and be one of the co-executors and co-trustees under my last will and testament, and that my son, Sylvan Newhall, shall also be co-executor and co-trustee under said last will and testament." The only change made by the codicil of July 31, 1914, was to appoint the Chicago Title and Trust Company as co-executor in place of the Merchants' Loan and Trust Company and fix the compensation of the executors and trustees.

The appellants rely on the case of *Keeler v. Merchants' Loan and Trust Co.* 253 Ill. 528, in which it was held that to permit the incorporation of another instrument into a will by reference the will itself must refer to the other instrument as being in existence at the time of the execution of the will and in such a way as to reasonably identify the instrument and show the testator's intention to make it a part of the will, and the instrument must, in fact, be in existence when the will is executed and must correspond

with the description thereof in the will and be shown to be the instrument referred to. While this is undoubtedly the rule, it is also true that whether a paper purporting to be a will or codicil is in reality such will or codicil depends upon whether or not it has been executed with the formalities prescribed by law, and whether such purported will is so executed is always a matter of proof. As held in *Fry* v. *Morrison,* 159 Ill. 244, the generic term "will" includes codicils, and legal provisions relating to wills must be understood as embracing codicils. A codicil duly attested is a will. Proof of a codicil, whether written on the same paper or on separate paper, which codicil clearly and unmistakably refers to the will so as to preclude all doubt of its identity, establishes the will without further proof. Such is the rule in this State. To the same effect are *Duncan* v. *Duncan,* 23 Ill. 306, and *Hubbard* v. *Hubbard,* 198 id. 621. In the latter case the testator wrote his will, signed it and had it witnessed. Three weeks afterwards he made an alteration in the will by drawing a pen through certain lines, thereby striking out one clause. He then wrote a further provision as a codicil, which was duly executed and witnessed. We held that the publication of a codicil is a republication of the will in the form it was at the time of the execution of the codicil, and proof of the execution of the codicil establishes the will. We further held in that case that the finding of the chancellor that a certain bequest in a will had been erased by the testator before the codicil was added, which finding was based upon oral testimony taken in open court, will not be reversed unless clearly erroneous. What was said in that case applies with great force in the case at bar. The question before the court in this case is whether or not the codicil of July 31, 1914, witnessed by William Herbert Johnson, George S. Carrington and Fred P. Patton, was the same instrument referred to in the fifth and sixth codicils as the codicil of July 31, 1914, witnessed by William Herbert Johnson, George S.

Carrington and Frank P. Patton. It must be conceded that it is highly improbable that the testator executed two codicils on the same day, one of them witnessed by William Herbert Johnson, George S. Carrington and Fred P. Patton, and another witnessed by William Herbert Johnson, George S. Carrington and Frank P. Patton. On the other hand, it would not be an unusual error in attempting to describe such codicil to get the description wrong in some part, and this is evidently what was done in describing this codicil in the two subsequent codicils in describing one of the witnesses as Frank P. Patton instead of Fred P. Patton. On the question before the court as to whether the instrument dated July 31, 1914, which was produced on the hearing, was the instrument referred to in the fifth and sixth codicils or not, Johnson, who was a witness to said instrument and called as such witness, testified: "I have no recollection whatever of ever having attested any other codicil except the one dated July 31, 1914, and I know I never attested but one codicil when Dr. Patton and Mr. Carrington were witnesses and were present, except this one. I did not at any time during the year 1914 attest any other codicil for Franklin Newhall. I never attested any codicil when any man by the name of Frank P. Patton was a witness." This testimony was objected to, but we think, on the authority of *Hubbard* v. *Hubbard, supra,* it was clearly competent. It is further in evidence that no one by the name of Frank P. Patton resided in Glencoe. Under this evidence, and in the absence of proof to the contrary, the court could not do otherwise than hold that the instrument offered as the fourth codicil was the one referred to in the fifth and sixth codicils.

There is another reason why the order and judgment of the circuit court admitting to probate the instrument offered as the fourth codicil must stand. As has been noted, it is in proper form and was duly executed and witnessed by three witnesses. Two of these witnesses (William Herbert

Johnson and Fred P. Patton) were witnesses on the hearing of the appeal in the circuit court and testified to facts concerning the execution of the codicil by the testator and as to his mental capacity and their being attesting witnesses. These facts were sufficient to admit such instrument to probate as a codicil. Under these circumstances, no other instrument of that date being offered as a codicil, it was the duty of the court to order that the instrument so offered and proved be admitted to probate.

The judgment and order of the circuit court will be affirmed.

*Judgment affirmed.*