## IN RE WILL OF GEORGE A. DAVIES.

**WILLS: Construction—Second Codicil Reinstating Original Will.**

1  Testator's declaration in a *second* codicil that it contains "the only change I desire to make in my said *will*" must be deemed, nothing appearing to the contrary, to refer to the *original will and first* codicil. So held where it was unsuccessfully contended that a *second* codicil containing such declaration had the effect to *reinstate* a legacy in the original will, when such legacy had been specifically revoked by the *first* codicil.

**WILLS:  Partial Intestacy.  A** bequest to five named legatees in equal amounts, followed by a codicil which revokes the bequest as to one of the legatees and substitutes a lesser bequest for the one revoked, without any devise of the revoked bequest, works two effects:

  1.  The substituted bequest must be paid from the proceeds of the revoked bequest; and

  2.  The balance of said revoked bequest, after paying the substituted bequest, *constitutes intestate property.*

*Appeal from Mills District Court.*—Earl Peters, Judge.

December 13, 1921.

Action for the construction of a will.  The facts appear in the opinion.—*Affirmed.*

*Tinley, Mitchell, Pryor, Ross & Mitchell* and *Genung & Genung,* for appellant.

*John Y. Stone,* for appellee.

Faville, J.—The testator, George A. Davies, executed his last will and testament August 11, 1916.  By the terms of said instrument, he devised a portion of his estate to his widow, and made certain specific bequests to other legatees.

1. WILLS: construction: second codicil reinstating original will.

In Paragraph 11 of said will, he provided as follows:

"Having made the above and foregoing specific bequests, I now desire and will that the remainder of my estate, of whatever kind or character, shall be divided into five equal shares and the same shall go to my children, grandchildren and members of my family as named herein."

Elvira Ann Davies, the petitioner herein, was named in said paragraph of said will as legatee of one fifth of the residue of the estate of said decedent.

On the first day of October, 1917, the testator executed the first codicil to his said will, the same being as follows:

"I, George A. Davies, of Glenwood, Iowa, having heretofore and on the 16th day of August, 1916, having made, executed and made my last will and testament in which I willed to my beloved daughter, Elvira Ann Davies, one fifth of my estate, do hereby alter and change the same in the following particular,

in this instead of giving to the said Elvira Ann Davies the one fifth of my said estate I give and will to my said daughter, Elvira Ann Davies, the sum of two hundred dollars and no more of my said estate.

"This sum to be in full of the allowance to my said daughter, and anything in my former will made with reference to her share, shall be held and treated as in this codicil stated. My former will is changed by me in the manner as herein stated. And I ask that said will be construed by my executors, as giving to my said daughter, Elvira Ann Davies, as giving to her the sum of two hundred dollars out of my estate and no more."

Thereafter, on the 4th day of May, 1918, the said executor executed a second codicil to said will, as follows:

"I, George A. Davies, being of sound mind, having heretofore made my last will at this time make and alter same in the following particulars only.

"In my will I desired my farm land as described therein be sold it is now my desire and wish that the selling of the farm be postponed until after the death of my beloved wife; and it is my will that she should take a life estate only in said lands, and to have and take the rentals from same for her own use and support, and then at her death same be sold and the proceeds be divided as provided by the terms of my said will.

"It is my will that my son, Charles, should rent the farm and pay over to my wife the rentals as above provided.

"This is the only alteration or change I desire to make in my said will and ask my executors so far as they can to carry out in connection with my said will, the terms and provisions of this codicil. And in addition to what I have heretofore provided for my two daughters, Martha De France and Vira Davies, for their kindness to me I give them for nursing me the sum of two hundred fifty dollars, each."

This action is brought by the said legatee, Elvira Ann Davies, praying for a construction of said will. The other legatees named in said will filed objections to the construction of said will as prayed by the said petitioner. The court entered an order construing the said will, and both parties have appealed therefrom. It is the contention of the petitioner that, by the terms of the second codicil to said will, the testator, in effect,

revoked the terms and provisions of the first codicil of said will, and reinstated the petitioner, Elvira Ann Davies, to all of her rights as legatee under the terms and provisions of the original will; and it is the further contention of the petitioner that, in the event that it should be held that the second codicil of the will does not set aside and revoke the first codicil of the will and reinstate the petitioner as a beneficiary under the original will, the one-fifth share in the residuum of said estate, as bequeathed to the petitioner under the terms of the original will, should be held to have passed as intestate property to the legal heirs at law of the said decedent.

In construing the terms and provisions of the will and the codicils thereto, it is elementary that the entire instrument and the codicils are to be construed together; and it is the duty of the court to gather from said instruments the true intent of the testator, as therein expressed, and to so construe the said will as to effectuate and carry out said intent. By the original will, the testator expressly bequeathed to the petitioner, Elvira Ann Davies, an undivided one-fifth share in all the residuum of his estate, after the payment of certain specific bequests. By Codicil 1 of his said will, he expressly and definitely revoked and set aside this bequest to the petitioner, and by explicit terms provided that the said petitioner should receive the sum of $200 out of his estate, and no more. Had nothing further been done by the testator, the rights of the petitioner in the estate of the testator would have been clearly fixed and definitely established.

The question in the case turns upon the proper construction and effect of the second codicil of the will, executed some months after the first codicil. In this second codicil, the testator makes specific reference to the original will, with respect to the devise to his wife. Then follows in said second codicil the following language:

"This is the only alteration or change I desire to make in my said will and ask my executors so far as they can to carry out in connection with my said will, the terms and provisions of this codicil. And in addition to what I have heretofore provided for my two daughters, Martha De France and Vira Davies, for their kindness to me I give them for nursing me the sum of two hundred fifty dollars, each.''

No question is raised regarding the specific bequest of an additional amount of $250 to the two daughters by the terms of this codicil. The sole question at this point turns upon the proper interpretation and construction to be placed upon the following clause:

"This is the only alteration or change I desire to make in my said will and ask my executors so far as they can to carry out in connection with my said will, the terms and provisions of this codicil."

The inquiry is limited to the proper construction and interpretation to be placed upon the word "will," as used by the testator in this second codicil. Did the testator, by the language used, refer only to his original will, and thereby re-establish the same, or did he, by the use of the term "will" in the second codicil, refer to his original will and the first codicil thereto? By the terms of our statute, Code Section 48, Paragraph 17, it is provided that, in construing statutes of this state, the word "will" includes codicil. While this statutory provision, by its terms, applies to the construction of statutes, it is but declaratory of the general rule recognized in the construction of wills, to the effect that the term "will" is used in its generic sense, to include the original will and any and all codicils thereto, unless in said instrument a contrary intent is expressed by the testator. *Fry v. Morrison,* 159 Ill. 244 (42 N. E. 774).

By the language used in the second codicil, the testator failed to express any intention whatever to revoke the terms and provisions of the first codicil to his said will. We do not think that such intention is fairly to be implied from the language used. We think the intention of the testator in the execution of the second codicil was to modify, in the particulars referred to, the terms and provisions of his original will as already modified by the first codicil; or, in other words, the use of the word "will" in the second codicil, under all of the circumstances disclosed, must be held to have been intended by the testator in its generic sense, and to have included the original will and the first codicil thereto. There is no suggestion in the second codicil that the testator intended to revoke the first codicil, or to re-establish the original will as it had been modified by the first codicil. In the second codicil, he made an additional

provision for this petitioner. The three instruments, when construed together, as they must be, evidence an intention on the part of the testator by the first codicil to revoke the specific bequest to the petitioner, and give her in lieu thereof $200 in cash, and by the second codicil of the will, to give her an additional sum of $250. Had it been the intention of the testator by executing the second codicil to revoke the first codicil, and re-establish the original bequest to the petitioner, such intent could readily have been expressed by the testator in the second codicil. That he had the petitioner in mind at the time of the execution of the second codicil is evidenced by the fact that he gave her an additional sum of $250. Had he intended to revoke the first codicil, and to reinstate her under the original will, he could readily have done so; but the language used did not express such an intention. It neither revoked the terms of the first codicil nor indicated an intention to reinstate the petitioner under the original will. We think that, when the testator stated in the second codicil that the change therein made was "the only alteration or change I desire to make in my said will," he referred to his said will as it had already been changed by the duly executed first codicil.

It therefore follows that the petitioner herein, under the terms of the said will and the two codicils thereto, was entitled to receive from her father's estate the sum of $200 in money, under the first codicil, and the further sum of $250, under the second codicil.

Holding, as we do, that the execution of the second codicil did not re-establish the petitioner's interest in the estate of the said decedent under the original will, there is still left for determination the question as to the disposition of the original bequest of one fifth of the residuum of the estate which would have gone to the petitioner under the terms of the original will. In executing the first codicil, the testator made no provision whatever for the disposition of the part of the one-fifth share originally bequeathed to the petitioner over and above the $200 provided for her in said codicil. There is nothing in the terms of the will and codicils that makes any provision whatever for disposition of this share of the estate. Each of the other named beneficiaries

2. WILLS:
   partial
   intestacy.

of the residuary estate take only an undivided one fifth thereof, by the express terms of the will. The bequest of $200 provided for the petitioner under the first codicil of the will should properly be taken from the one-fifth share bequeathed to her under the original will; for, by the terms of said codicil, the testator expressly provided that he altered and changed the original bequest from a one-fifth share to the specific sum of $200. This $200 should, therefore, be deducted from the one-fifth share. The remainder of the said one-fifth share, over and above the said sum of $200, was not disposed of by any of the terms and provisions of the will of the said testator, and passed as intestate property to the heirs at law of the said decedent; and the petitioner, as such heir at law, is legally entitled to her undivided share thereof. The bequest of $250 to the petitioner and to Martha De France, each, as provided in the second codicil of the will, should be paid out of the general assets of the estate.

The decree of the lower court construed the will in accordance with our conclusions as above set forth. We are of the opinion that the same clearly expresses and effectuates the intention of the testator, as disclosed by said will and the two codicils thereto.

It therefore follows that the decree of the lower court was correct, and the same is in all respects affirmed. It is ordered that the costs of this appeal shall be taxed to the estate of the said testator.—*Affirmed.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.