(No. 17036.—Reversed and remanded.)
PERRY A. WORLEY *et al. vs.* ELSIE C. WORLEY *et al.* Appellees.—(DELLA WRIGLEY, Appellant.)

*Opinion filed December 16, 1925—Rehearing denied Feb. 5, 1926.*

1. WILLS—*when codicil is sufficient to re-publish will revoked by marriage.* A codicil, to operate as a re-publication of a will revoked by the testator's marriage, must refer to the will as being in existence at the time of the execution of the codicil and must refer to the same in such a way as to reasonably identify the will and show the testator's intention to re-publish it, and the instrument sought to be re-published must correspond with the description thereof in the codicil and be shown to be the instrument referred to.

2. SAME—*when bill to contest will should not be dismissed on demurrer.* A bill to contest the validity of a will and two codicils, which alleges that the testator's marriage operated to revoke the will and the codicil executed prior to the marriage, and that a subsequent codicil, which is made a part of the bill, did not operate to re-publish the will and former codicil, and that, as a matter of

fact, it was not attached to the will as it recited, should not be dismissed on demurrer as the demurrer admits the facts alleged, and the allegations, which must be taken as true, are sufficient to require an answer.

APPEAL from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding.

STONE & TAYLOR, for appellant.

MORRISSEY, SULLIVAN & RUST, and OGLEVEE & FRANKLIN, (ADLAI H. RUST, of counsel,) for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

On April 7, 1919, David B. Worley, a resident of McLean county, Illinois, made and executed an instrument purporting to be his last will and testament. At that time his wife, Clara E. Worley, was living but shortly thereafter died. Thereafter, on June 2, 1921, Worley executed an instrument purporting to be a codicil to his purported will. This codicil made no mention of an intended marriage. Subsequent to the making of this instrument Worley married Elsie Claypool, who survived him and is one of the appellees. After this second marriage Worley executed another paper purporting to be a codicil. He died December 20, 1923, and on March 11, 1924, the purported will and the two purported codicils were admitted to probate by the county court of McLean county. Worley left no children, parents, brothers or sisters him surviving, but left as his heirs-at-law Elsie Worley, his widow, and nephews and nieces and the descendants of deceased nephews and nieces. Within the period prescribed by law appellant and others filed their bill in the circuit court of McLean county to contest the validity of the will and codicils, alleging in their bill the making of the instrument of April 7, 1919, the death of Worley's former wife, the making of the purported codicil of June 2, 1921, the marriage of Worley with Elsie Claypool, the revocation of the purported will and codicil

by reason of such marriage, and the execution of the alleged codicil of November 2, 1923, which is made a part of the bill and is as follows:

*"Codicil.*

SAYBROOK, ILL., *Nov. 2, 1923.*

"In order to give my wife, Elsie, a home, I hereby devise and declare that both my farm in Anchor township, McLean county, Ill., and my residence property in Saybrook, Ill., be held in trust. That she (my wife) be permitted to occupy the town property, and also that she receive five hundred ($500) dollars per year from the income of the farm, to use as her own.

"This arrangement to be in force so long as she may live, as so long as she may remain single, when it shall cease, and the property be disposed of as provided in my last will and testament hereto annexed.

"It is also my desire that my tenant, Chris. Andrew, be permitted to remain on the farm during the term of this trust.

(Signed)  D. B. WORLEY.

Witnesses:

C. O. Parvin,
C. M. C. Hamilton."

The bill also alleged that as a matter of fact there was then and there no instrument annexed to said codicil and none was during the lifetime of Worley so annexed, that the three instruments did not constitute the last will and testament of Worley, and that as a matter of fact he died intestate. A demurrer was filed to the bill by Frank Simpson, the executor, Elsie Worley, the widow, and Bertha Claypool. Upon a hearing the demurrer was sustained by the court and a decree entered dismissing the bill for want of equity. From this decree an appeal has been perfected to this court by Della Wrigley.

It is contended by appellant that the court erred in sustaining the demurrer to the bill. The demurrer admitted all the allegations of fact in the bill properly pleaded. The marriage of Worley constituted a revocation of his prior will and codicil, and while such will and codicil may be republished by a codicil duly executed after the marriage, such a codicil, to operate as a re-publication of a will or codicil,

must refer to the former will or codicil as being in existence at the time of the execution of the codicil, and must refer to the same in such a way as to reasonably identify the instruments and show testator's intention to so re-publish them, and the instruments sought to be re-published must correspond with the description thereof in the codicil and be shown to be the instruments referred to. (*Newhall* v. *Newhall,* 280 Ill. 199.) The instrument of November 2, 1923, did not in terms refer directly to either the purported will of April 7, 1919, or the purported codicil of June 2, 1921, but did in terms refer to a last will and testament "hereto annexed." It must be assumed in the present state of the record that the will of April 7, 1919, was not annexed to the instrument of November 2, 1923, and therefore was not the instrument referred to therein.

It is contended by appellees that a codicil duly executed will operate as a re-publication of a will to which it refers whether the codicil be or be not annexed to the will or be or be not expressly confirmatory of it, and that where there is a reference to any written document described as then existing, in such terms that it is capable of being ascertained, parol evidence is admissible to ascertain it and the only question is whether the evidence is sufficient for that purpose, and that the words in the codicil "hereto annexed" may properly be disregarded as false description or surplusage, and they refer in support of this contention to *Newhall* v. *Newhall, supra.* These questions, however, do not arise in the present state of the pleadings in this case. No latent ambiguity appears upon the face of the will as disclosed by the pleadings, and we are not called upon to decide questions which might arise upon another and different state of the pleadings. The allegations of the bill, taken as true, were sufficient to require an answer.

The judgment of the circuit court must therefore be reversed and the cause remanded.

*Reversed and remanded.*