### R. T. PELHAM v. J. D. MOORE AND OTHERS.

A lunatic cannot maintain an action in his own name without having some one joined with him to be responsible at least for costs.

Appeal from Red River. Tried below before Hon. W. S. Todd.

The defendants below pleaded in abatement that the plaintiff at, and before the institution, was a lunatic, and that he had been so decreed and declared. With their plea they filed a transcript from the Court of Pleas and Quarter Sessions of Granville county, North Carolina, establishing the truth of said plea. The Court sustained the plea.

*Mills & Dillahunty,* for appellant.

*Morrill & Dickson,* for appellees.

WHEELER, J. In Beverly's case, (4 Co. R. 124,) it was held that if an idiot sue he must appear in person, and any one who prays to be admitted as his friend may sue for him. So, if an action be brought against him, he must appear in his proper person, and any one who can make a better defence shall be admitted to defend for him. But a lunatic, or one who becomes *non compos mentis*, must appear by guardian if he is within age, and by attorney if he be of full age. (2 Saunder's R. 331 to 333 ; Co. Litt. 135 b. ; and see Brown on Part. 84–5.) In Stock. on the law of *non compotes mentis*, (Chap. 2, p. 32,) it is said, "the incapacity of *non compotes mentis* to sue or defend in the King's Courts is of a very partial nature, and varies greatly according to the jurisdiction, whether legal or equitable, civil or criminal, under which the proceeding takes place." "The incapacity of *non compotes mentis* to sue or defend in equity is more considerable" than at law. "It is partial in the case of lunatics, total in the case of idiots according to the old cases." "Although a lunatic cannot sue or defend alone, his name is nevertheless usually joined in the suit." (Ib. 22 to 25.) The numerous cases cited by Judge Story in the notes to his Equity Pleadings (Sec. 64) show that in equity a lunatic cannot sue in his own name. He must sue by a committee, if he have a committee, and it is optional whether to join him with his committee or not. (7 Johns. Ch. R. 139.) If he have no committee, or if his interests clash with those of his committee, an information may be exhibited in his behalf by the Attorney General. (Story Eq. Sec. 64 and notes.)

At law, it is held, in South Carolina, an action brought on the part of a person *non compos mentis*, (it was the case of a lunatic ;) must be in his name, and not in that of his committee ; but the committee is a necessary party. (M'Creight v. Aiken, 3 Hill, 337.)

If the plaintiff were a resident lunatic having a guardian, no doubt the action ought to be brought by his guardian.

But being a non-resident, having neither a guardian nor a committee authorized to sue in his behalf in this State, it seems, if he can sue at all, it must be by information, or by the appointment or authorization by the Court of some one to sue in his behalf as next friend. He cannot maintain the action in his own name without having some one joined with him to be responsible at least for costs. There is therefore no error in the judgment and it is affirmed.

Judgment affirmed.