MANUEL AND VICENTA ITURRI, BY GUARDIAN AD LITEM, V. THOMAS WHITEHEAD.

A special verdict, upon an issue submitted by the court, finding a specific amount in favor of a party, but unsupported by evidence, does not warrant the court in rendering judgment in accordance with such finding upon that issue. A judgment thus rendered is erroneous, and will be reversed.

It would seem, on general principles, (but not now decided,) that a suit brought against minors, on a cause of action adverse to their interest, should be dismissed, if during its pendency the plaintiff become their guardian.

APPEAL from Bexar. Tried below before the Hon. Thomas J. Devine.

This was a suit brought by Thomas Whitehead, in the District Court, against Mariano Roderiguez, as guardian of the minors, Manuel Iturri and Vicenta Iturri, for the one third life interest which he claimed to certain real estate, consisting of certain parcels of land, and a house and lot in the city of San Antonio; and for one third of the rents and profits of said house and lot, alleged to have been received by said guardian; which interest he claimed under the laws of descent and distribution, through his wife, who died in the month of April, 1849, intestate, and owning the said property as her sole and separate estate, and leaving the said minors, her only children by a previous marriage. He alleged, that the house and lot produced an annual rent of twelve hundred dollars, and that said guardian had received the sum of six thousand dollars, as the proceeds thereof, without paying to him any portion of the same.

The petition was filed February 15th, 1855. The defendant pleaded the statute of limitations, and a general denial.

During the progress of the suit, the plaintiff became the guardian of the said minors, and was acting as such when the trial was had.

On the 9th day of June, 1856, counsel for the defendants filed a motion to dismiss the case, because the plaintiff had been, since the last continuance, appointed such guardian by

the County Court, and was then acting as such. The motion was not acted upon by the court, otherwise than by the appointment of the attorneys of record, who had previously represented the defendants, guardians *ad litem.*

The charge of the court submitted to the jury special issues to be found by them, among which was the following: "What "amount of money has been received by the guardian of the "minors, for the use and benefit of the minors, for the property "occupied by the firm of Vance & Co., exclusive of repairs, "taxes, or improvements, on that property," (which was the house and lot referred to in plaintiff's petition,) "down to the present time." In their verdict, they found "that the amount of rent "received by the guardian for the minors, from the 15th Feb- "ruary, 1853, until date, is $3,986 66."

There was rendered thereupon a judgment for plaintiff, for one third of said amount, $1,328 88, and decreeing him an interest for life in one third of the said real estate.

The only evidence offered by the plaintiff, as to the rents, was to the effect, that a guardian of the persons and property of the minors was appointed in February, 1850; the said property was inventoried and turned over to the guardian; and that "the guardian has ever since held said property for said "minors, and collected for them, the said minors, the rents and "profits thereof." The charge of the court limited the jury, in their estimate of the rents, to two years next before the commencement of the suit.

The defendants introduced in evidence, an account filed by the plaintiff in the County Court, on the second day of January, 1850, against the estate of said minors, consisting of charges for repairs on the houses belonging to the said minors, embracing others as well as that which was the subject of this suit; cash advances for the benefit of the estate generally, of various kinds; payment of debts, &c.; which account showed that, for the rent of the house and lot involved in this suit, he had, since the death of his said wife, received $400. The account showed a balance in his favor. The petition accompanying the account, alleged that,

since the repairs had been made, the rent of the property, belonging to the heirs, was worth sixty dollars per month. There appeared, from the account, to be at least three other houses, subject to rent, besides the one the rent of which was claimed in this suit; and that for their rent, at the time of rendering said account, he charged himself, for the rent received from them, the sums respectively of $320, $300, and $120. From the account, it would seem that these rents, with which he charged himself, were for the year 1849, or such as became due after the death of his said wife. This account was not offered to support any offset or payment pleaded, but appeared to be relied on, as rebutting the value of rents, claimed by the plaintiff, of the house and lot in question.

Motion for new trial, which was overruled, and assignment of errors : both relying on the ground that the verdict was contrary to evidence.

*H. P. Brewster*, for appellants. The plaintiff, Whitehead, sued for an estate for life, in one third of the estate of his deceased wife, the mother of the defendants, who are minors.

It appears upon the record, that at the time of the trial of this cause, and the rendition of the judgment, the plaintiff was guardian for the minors against whom this suit was brought. Courts watch with great jealousy a guardian, as well as a solicitor, who takes upon himself a double responsibility. (1 Dan. Ch. Pr. 100.)

Infants may impeach a decree, by showing that they had grounds of defence, either not before the court, or not insisted on. (1 Dan. Ch. Pr. 97.)

Infants are not bound by mistakes in the form of a suit, or by proceedings under it, or in the conduct of it. (1 Dan. Ch. Pr. 97 ; Story's Eq. Pl. § 59.)

*I. A.* and *G. W. Paschal*, for appellee, cited 1 Greenl. Ev., chap. 4, § 22 ; Horton v. Crawford, 10 Tex. Rep. 382 ; Browning v. Estes, 3 Id. 462 ; and argued, that the finding of the

Puckett v. White.

jury, as to the special matters, or facts found, was conclusive between the parties. In support of which, they cited Hart. Dig. Art. 762.

WHEELER, Ch. J. The judgment is erroneous, and must be reversed, for the reason that the verdict is unsupported by evidence. No evidence appears in the statement of facts, to warrant the jury in finding for the plaintiff the amount of their verdict, upon which the court gave judgment.

It would seem, on general principles, that after it was made apparent to the court, that the plaintiff had been appointed guardian of the defendants, the suit ought to have been dismissed. But as this point has not been noticed by counsel in argument, it need not now be decided. The judgment is reversed, and the cause remanded.

Reversed and remanded.