## J. L. ABRAHAMS v. L. G. VOLLBAUM.

(Case No. 1050.)

1. PARTIES.— In a suit by injunction to enjoin a sale about to be made under a deed of trust, the maker of the trust deed, being directly interested in the subject matter, should be made a party; the omission to make him a party, objection being made, will be cause for reversal of a judgment rendered therein.

2. SUIT BY NEXT FRIEND.— Prior to the adoption of the Revised Civil Statutes, a suit instituted by next friend, for his mother, alleged to

be *non compos mentis*, and minors, was not authorized. A special guardian for the minors should have been appointed, though the laws now in force omit this requirement.

3. SPECIAL GUARDIAN.— An adult who is *non compos mentis* might be represented in a suit involving his interest prior to the adoption of the code, as in the case of a minor, by special guardian; it was competent for the court to satisfy itself of the mental condition of the party in interest, and being satisfied, to allow the suit to proceed, without formal inquest of lunacy being made.

4. CASES APPROVED.— Anderson *v.* McKay, 30 Tex., 186, and Moreland *v.* Barnhardt, 44 Tex., 275, approved.

APPEAL from Brazoria. Tried below before the Hon. Wm. H. Burkhart.

*E. J. Wilson* and *A. S. Lathrop,* for appellant.

*Wm. Fort Smith* and *Munson & Shepard,* for appellee.

GOULD, ASSOCIATE JUSTICE.— This suit was instituted December 26, 1877, by L. G. Vollbaum, for himself, and as next friend for a minor brother and sister, Charles and Dinah, also as next friend for his mother, Dinah Vollbaum, Sr., alleged to be *non compos mentis*, to enjoin defendant, Abrahams, from proceeding to have sold, under a certain deed of trust, an undivided half of a certain five hundred acre tract of land, alleged to include the homestead of the plaintiffs. As developed in the pleading and evidence, the facts are: That in October, 1872, A. W. Vollbaum died, leaving his wife, Dinah, and his children, L. G., Charles, Dinah and Wm. H., occupying what is known as the Worroll place, in which he owned only an estate for the life of one Collins. Sometime in 1872, A. W. Vollbaum had purchased of defendant, Abrahams, a tract of five hundred acres, known as the Champin Priestly place, adjoining the Worroll place, paid part of the purchase money, commenced to improve and cultivate it, and after his death it was possessed and cultivated by his family. Collins died and the life estate terminated in 1876.

At some time not fixed by the evidence, not even as to whether it was before or after Collins' death, the family removed to the new purchase. Appellant denies that this tract was ever designated as plaintiff's homestead, or that it ever became such. There is evidence by one witness outside of the family and by one member of the family, that A. W. Vollbaum told them he purchased the place for a homestead. . The evidence, as to improvements made on the place, other than that it was cultivated, and as to the commencement of residence thereon by plaintiffs or any of them, is indefinite and obscure. Abrahams testified that he never heard of its being intended or claimed as a homestead. After the death of A. W. Vollbaum his widow and family, without administration, remained in possession of the estate, which was all community property, and had the crop of 1872 gathered and marketed, and out of the proceeds paid to Abrahams $1,650, the balance of the purchase money of the place bought of him. Sometime in the year 1873, C. C. Cox, claiming to be a creditor of the estate (the amount of his claim or of the indebtedness of the estate does not appear), applied for and received letters of administration, and shortly thereafter brought suit against Dinah Vollbaum, Sr., alleging the conversion by her of the entire property of the estate, including the crop of 1872, and her refusal to deliver the same to him or to recognize him as administrator in any way, seeking recovery of the property and damages. There was a judgment by default and a writ of inquiry, resulting in judgment for the administrator for one-half the community lands, and for $2,705 damages. Under that judgment the administrator had the undivided half of the Champin Priestly five hundred-acre tract levied on and sold as the property of Dinah Vollbaum, Sr., and the same was purchased by Lathrop, who was the attorney for administrator, for $155, and who received a sheriff's deed therefor. Lathrop paid his bid by crediting the ex-

ecution, but accounted to the estate for the amount. In 1875 Lathrop sold and conveyed to Wm. H. Vollbaum, retaining a lien and power of sale, and in February, 1877, Lathrop transferred his claim on Wm. H. Vollbaum and his rights under his lien and power of sale to defendant, Abrahams. Abrahams was proceeding under this power to have the undivided half of the land sold as the property of W. H. Vollbaum, and it was to enjoin this sale that this suit was brought.

The case was tried without a jury, and the court having overruled a plea in abatement and a general demurrer, rendered judgment decreeing to plaintiffs a homestead of two hundred acres out of the five hundred acres, "to be laid off in such shape as plaintiffs may elect," and perpetually enjoined defendants from interfering therewith.

One of the points fairly presented by the assignment of errors and by the brief of appellant is, that the court erred in overruling the plea in abatement and in proceeding without Wm. H. Vollbaum having been made a party. The sale enjoined was about to be made under a deed of trust executed by Wm. H. Vollbaum, and to pay his alleged indebtedness. He was certainly directly interested in the subject-matter of the suit, and should have been made a party. The objection having been made, it was error in the court to overrule it, and that error being fairly presented, must lead to a reversal of the judgment.

It was also objected below that L. G. Vollbaum had no right to sue as next friend for his mother and minor brother and sister. At the time this suit was instituted and tried, the proper procedure was to apply to the court to appoint a special guardian, and it was error in the court to allow the suit to proceed in the name of a next friend. The Revised Statutes have omitted this requirement.

Appellant objected to the admission of oral evidence that Dinah Vollbaum, Sr., was *non compos mentis.* Al-

though there may have been no formal inquest or judicial proceeding ascertaining her condition, we are of opinion that it was competent for the court to satisfy itself of the fact, and being satisfied, to allow the suit to proceed, as in the case of a minor by special guardian.

As there is error which requires a reversal of the judgment, we abstain from any comment on the sufficiency of the evidence to establish the homestead claimed. The principles or rules of law controlling the question have been so often and so fully laid down, that it is only necessary to refer to some of the cases in which this has been done. Anderson v. McKay, 30 Tex., 186; Moreland v. Barnhardt, 44 Tex., 275.

On another trial it may be hoped that the facts will be more fully developed.

No question has been presented as to the validity of the execution sale of Dinah Vollbaum's community interest in the land in excess of the homestead claimed. The record nowhere shows the amount of the indebtedness of the estate which led to an administration and a suit against the surviving widow, resulting apparently in the sacrifice of her community interest, but not to the benefit of the estate. As the facts may be imperfectly presented, and the parties are not before us, we abstain from comment. We remark that the brief of counsel for appellees contains statements not supported by the record, and does not otherwise comply with the rules.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 2, 1881.]