GUS HOLZHEISER V. GULF, WEST TEXAS & PACIFIC RAILWAY CO. ET AL.

No. 968.

**Action by Next Friend of Lunatic Without a Guardian.**

An action in behalf of an adult lunatic or insane person having no guardian may be maintained by next friend, although such person has not been adjudged insane.

APPEAL from Victoria.   Tried below before Hon. S. F. GRIMES.

*W. L. Davidson* and *W. F. Hays,*   for appellant.

*Proctors,*   for appellees.

WILLIAMS, ASSOCIATE JUSTICE.—This action was brought in the name of Gus Holzheiser by his father, as next friend, to recover damages for injuries inflicted upon him by the negligence of defendants. The petition alleged that Gus Holzheiser when hurt was twenty-four years of age, but that from birth he had been of unsound mind, to such a degree as to render him wholly incapable of transacting business and at times totally helpless and unconscious. The allegation was also made, in another form, that from his birth plaintiff had been non compos mentis, but had never been so adjudicated nor a guardian appointed for him.

Upon a special exception urged by defendant the suit was dismissed because the action could not be prosecuted by next friend, and whether this ruling was correct or not is the sole question presented. We think there is ample authority for the suit. Pomeroy's Eq. Jur., section 1314, note; Light v. Light, 25 Beav., 248; 11 Am. & Eng. Encyc. Law, 126, and cases cited; 1 Story's Eq. Pleading, sections 64, 65, 66, 725; Abrahams v. Vallbaum, 54 Texas, 226. The authorities cited show that in courts of law and equity a recognized mode of prosecuting suits for the protection of the interests of idiots, lunatics and parties non compos mentis, when no guardian or committee has been appointed, was by next friend. The distinction made in England between the cases of idiots and those of lunatics, if really affecting this question, cannot exist under our law. The reasons why the courts should hear complaints in their behalf for their protection when made by next friend, subject to the control of the court, exist in one case as well as in the other and in both cases as fully as in the case of minors.

In the case of Abrahams v. Vallbaum, it was held that the court should have appointed a special guardian to represent the non compos, but it was so held because the law in force at the time that suit was brought required that procedure. It was pointed out that such requirement had been removed by the Revised Statutes. Since this change was made the law on the subject has been recognized, in the case of minors, as being as it was before the probate law of 1870 was adopted, and to authorize suits in behalf of minors by next friend instead of by special guardian; and the same rule, we think, exists as to suits in behalf of idiots and lunatics. The fact that provision is made for the appointment of guardians for that class of unfortunates, should no more be held to prohibit suits in their favor by next friend, when no guardian has been appointed, than such suits in behalf of minors are prevented by a like provision.

Reversed and remanded.

Delivered December 12th, 1895.