## G. A. HOLLAND ET AL. v. J. R. COUTS, JR., ET AL.

### No. 1581.    Decided December 5, 1906.

**1.—Action by Next Friend—Insane Person—Will.**

An action in the county court to set aside a will may be brought by an insane person, having no guardian, through next friend. (P. 235.)

**2.—Estoppel—Election—Community Property—Will.**

A wife having left by will her interest in the community property to her husband, who subsequently conveyed a part of such property to plaintiff, one of their children, the acceptance of such conveyance did not create an estoppel by election against the plaintiff contesting the mother's will. (Pp. 235-237.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Parker County.

*Hurd & Shadle* and *C. K. Bell,* for appellants.—A next friend is not authorized by the laws of this State to institute or maintain a proceeding in a Probate Court for the purpose of annulling the probate of a will; such suit can only be brought by a guardian. Cannon v. Hemphill, 7 Texas, 184; 14 Ency. of Pleading and Practice, 1013.

Where two inconsistent or alternative rights or claims are presented to the choice of a party by a person who imposes a clear intimation that he shall not enjoy both, he must choose either one or the other, and he can not take a benefit under an instrument and then repudiate it. Utermehle v. Norment, 197 U. S., 40; Peters v. Bain, 133 U. S., 695; Barrier v. Kelly, 62 L. R. A., 421; Hyde v. Baldwin, 17 Pick., 303; Drake v. Wild, 39 Atl. Rep., 248; Branson v. Watkins, 23 S. E. Rep., 204; Smith v. Smith, 14 Gray, 532; Fry v. Morrison, 159 Ill. 244; Madison v. Larmon, 62 Am. St. Rep., 356; Fisher v. Boyce, 31 Atl., 707.

*H. L. Moseley, McCall & McCall* and *F. O. McKinsey,* for appellee.— Under the law of this State, a next friend is authorized to bring and

maintain a suit on behalf of persons of unsound mind, to set aside the probate of a will. Holzheiser v. Ry. Co., 11 Texas Civ. App., 677; 14 Texas Civ. App., 87; Cannon v. Hemphill, 7 Texas, 201; Robson v. Osborne, 13 Texas, 306; Martin v. Weyman, 26 Texas, 468; Piedmont & A. Life Ins. Co. v. Ray, 50 Texas, 520. The acceptance of a deed by a grantee does not estop him from disputing his grantor's title. Cheek v. Herndon, 82 Texas, 151, citing 2 Dev. on Deeds, sec. 951.

Where the instrument in question, neither within itself, nor in connection with cotemporaneous instruments, presents any inconsistent claims or alternative rights to the donees or legatees or devisees, then such parties (in this case donees) can not be put to their election, and no estoppel arises against them by reason of their acceptance under such an instrument. 1 Pom. Eq. Jur., 461, 462; 11 Am. & Eng. Ency. of Law, p. 59; Barrier v. Kelly, 62 L. R. A., 421; Timm v. Timm, 34 Wash., 228 (75 Pac. Rep., 879).

*Horace Chilton,* also for appellee.—There is an interesting question which lies at the foundation of this appeal. As the probate of the will of Martha Couts was set aside on a petition filed by two of her children, on grounds which went to the intrinsic validity of the will, is it material whether the other children could have prosecuted such a suit themselves, or not? The will failing as to part of the heirs of Mrs. Couts, does not the election on the part of the other heirs, supposed to be based on the will, fail also? The authorities are very scant on this subject. There is an Indiana case which holds that the failure of the will as to part is a failure as to all, so far as the principle of election is concerned. Leach v. Prebster, 39 Ind., 492. There is a California case which holds a different doctrine. Samson v. Samson, 64 Cal., 327. The reason of the thing seems to be with the Indiana case. There are some authorities, not directly in point, which may be usefully consulted in this connection. 1 Pomeroy Eq. (2d ed.), sec. 482; Powell v. Koehler, 52 Ohio St., 103.

Were Mrs. Mosely, Mrs. Anderson, Mrs. Burnett and Mrs. Grant competent to make an election? There is some conflict in the general authorities as to the extent to which a married woman will be barred by an election, just as there is conflict as to the extent she will be barred by an estoppel. The sound rule, we think, is laid down in Story's chapter on Election, Eq. Jur. (13th ed.), sec. 1097. In White v. Simonton, 34 Texas Civ. App., 464, it was held, in construing a deed, which, as in the case of Mrs. Mosely, conveyed a life estate to the daughter and the fee in remainder to her children, that there was no election on the part of the married woman.

Mrs. Mosely, by accepting a conveyance from J. R. Couts, Sr., was not estopped to deny her grantor's title. Bybee v. Oregon Ry. Co., 139 U. S., 663; Robertson v. Pickrell, 109 U. S., 608; Cheek v. Herndon, 82 Texas, 146. Especially was she not estopped from merely attacking a link in her grantor's title. Scoby v. Sweatt, 28 Texas, 730. This case must not be likened to a deed which makes recital of particular facts, or by its express terms involves an admission or contract when accepted. Cases like Waco Bridge Co. v. Waco, 85 Texas, 321, and Doty v. Barnard, 92 Texas, 104, belong to that class.

GAINES, CHIEF JUSTICE.—This is a certified question from the Court of Civil Appeals for the Second Supreme Judicial District. The statement and questions are as follows:

"The suit, as here styled, of G. A. Holland et al., appellants, versus J. R. Couts, Jr., et al., appellees, is now pending before us on motion for rehearing, and involves certain questions hereinafter shown that we deem it advisable to certify to Your Honors for determination. As pending, the suit is one by the surviving children of J. R. Couts, Sr., and of Mrs. Martha Couts, his wife, both of whom are now deceased, to set aside the will of their mother, Martha Couts, by the terms of which she devised to her husband, J. R. Couts, Sr., all of her property. It appears by pleading and proof that Mrs. Martha Couts died in Parker County, Texas, on the 6th day of February, 1894, leaving surviving her her husband, J. R. Couts, Sr., and her children, the appellees herein; that her will was probated and admitted to record in the County Court of Parker County on the 12th day of June, 1894; that J. R. Couts, Sr., died on the 29th day of November, 1904, leaving a will by the terms of which appellants, G. A. Holland and I. W. Stephens, were appointed independent executors thereof, and by which the property of said J. R. Couts, Sr., was devised to said executors in trust. This will also was duly probated in the County Court of Parker County, and appellants duly qualified as the executors. Thereafter, towit, in May, 1905, this suit was instituted to set aside, as stated, the will of Mrs. Martha Couts on the ground of want of mental capacity in her to make it at the time it was made. Two of appellees, towit, J. R. Couts, Jr., and Mrs. Mattie Putman, are alleged to be of unsound mind, and they sue by their next friend, J. A. Chapman.

"On the trial below appellants, who, together with others, were made defendants, answered and first excepted to appellees' petition and to the prosecution of the suit by J. A. Chapman as the next friend of J. R. Couts, Jr., and Mrs. Mattie Putman, on the ground that the suit could only be instituted and prosecuted for them by a guardian duly appointed, and not by a next friend; second, by the general denial, and a special answer, which, so far as necessary to state here, was to the effect that the remaining appellees, towit, Mrs. Margaret Mosely, Mrs. Mary C. Burnett, Mrs. Leah Anderson and Mrs. Susie C. Grant, were estopped to maintain the suit on the ground that, after the expiration of more than four years from the time of the probate of said will of Mrs. Martha Couts, and with the belief that the time within which its probate could be attacked had expired, said J. R. Couts, Sr., conveyed by deed of gift to each of his said daughters property, the title to one-half of which he had obtained through and by virtue of the said will of said Mrs. Martha Couts, and the other half of which he owned in his own right. The special answer then particularly described a large amount of property so conveyed to Mrs. Mosely and Mrs. Anderson during the year 1899, it being alleged that the conveyances to these daughters were for and during their natural life, with the remainder at their death to their children in fee simple, and the record shows that they each have children. The answer further shows that in December, 1898, deeds of gift to a large amount of property were made by J. R. Couts, Sr., to Mrs. Burnett and Mrs. Susie Grant, a part of which it was alleged Mrs.

Burnett had since disposed of. It was alleged that the appellees here named, and against whom this special answer was leveled, had accepted, and elected to take the property as so conveyed, and hence it was urged that they were estopped, as before stated, all of which will more fully appear from appellees' amended petition and from appellants' said answer, which will be found in the transcript to be forwarded herewith.

"The trial court overruled appellants' exception to the prosecution of this suit by next friend, but sustained appellees' exception to the special answer above stated, and upon the conclusion of the trial judgment was rendered annulling the will of Mrs. Martha Couts, from which judgment this appeal was prosecuted. On original hearing we held, as will be more fully seen from our opinion filed on the 7th day of April, 1906, and which also will be transmitted to Your Honors with this certificate, that the court properly overruled appellants' objection to the prosecution of the suit of J. R. Couts, Jr., and Mrs. Mattie Putman, by next friend, and that the court committed error in striking out said special answer. We now, however, as before stated, deem it advisable to certify to Your Honors whether we erred in the rulings on the questions stated, that is to say, whether J. R. Couts, Jr., and Mrs. Mattie Putman, who were alleged and shown to be persons non compos mentis, can by next friend maintain this suit to set aside their mother's will: and second, whether the facts, as alleged in appellants' said special answer, estop, or constitute any defense as against the remaining appellees, as is contended by appellants."

1. We are of the opinion that the case was properly prosecuted on behalf of the plaintiffs, who were non compos mentis, by a next friend. We approve the reasoning by which the Court of Civil Appeals reached that conclusion in their opinion. The cases of Holzheiser v. Railway Company (11 Texas Civ. App., 677) and Hughey v. Mosby (31 Texas Civ. App., 76), in the latter of which a writ of error was refused by this court, establish the doctrine that a suit in the District Court by a next friend, in behalf of an insane person, is properly brought. We see no good reason why a different rule should apply to a suit in the County Court to set aside a will, and think that if the Legislature desired that a different rule of procedure should be followed in the latter court they would have clearly expressed that intention.

In regard to the second question, we are of opinion that doctrine of estoppel by election is not applicable to the case made by the answer, to which exception was sustained. The application of the rule more frequently arises in the construction of wills; but it seems to be settled that it may arise under other instruments, such as deeds. Where, however, a conveyance is made for a valuable consideration, the rules for the construction of contracts must apply, and the consideration of the conveyance may be an important element in determining the intention of the parties to the instrument. The cases springing from voluntary conveyances are rare, and usually arise out of settlements and conveyances of property by parents to their children by way of advancements. Mr. Justice Story thus defines the doctrine: "Election, in the sense here used, is the obligation imposed upon a party to choose between two inconsistent or alternative rights or claims in cases where there is clear

intention of the person from whom he derives one that he should not en-
joy both. Every case of election, therefore, presupposes a plurality of
gifts or rights with an intention, express or implied, of the party who
has a right to control one or both, that one should be a substitute for
the other. The party who is to take has a choice, but he can not enjoy
the benefits of both." (2 Story's Eq. Jur., sec. 1075.) The rule which
requires a party to elect usually arises in a case like this: A testator,
desiring to make provision to take effect after his death, makes a de-
vise or bequest to A and to B. He devises or bequeaths to B property
which he may or may not suppose to belong to himself, but which in
fact is the property of A, and at the same time devises or bequeaths to
A other property. He can not deprive A of his property or bestow it
upon B. But A can not repudiate the devise or bequest to B and at the
same time claim that which is given to him. If he repudiates the will
in part he repudiates it as an entirety, and can claim nothing on it.
If he accepts under it he accepts it as a whole, and affirms that part of
it which interferes with his right derived from another source. It seems
to us it is the same in effect as if the testator had expressly provided
in the will that A shall take under the will only upon condition that
he would not repudiate the disposition in favor of B. Hence, having
accepted the provision made in his favor, he is held estopped to repudiate
that which is adverse to his interests. The principle thus illustrated
runs through all the cases of election.

We are unable to see how that principle affects this case. Mrs. Couts
had died leaving a supposed will, which, if valid, devised and bequeathed
to her husband all her estate. The will was duly probated. The hus-
band subsequently died, leaving a will, of which the appellants were
nominated executors. This will was also probated, and the appellants
accepted the appointment, and duly qualified as such. At the time of
the death of Mrs. Couts she and her husband owned a large estate, which
was held by them as community property. This action was brought by
the heirs of the mother to set aside her will. The appellants, among
other things, pleaded an estoppel on part of four of the heirs to dis-
pute the will, and this is the plea in question in the certificate. The
facts alleged to show an election are, in brief, that four years after the
probate of the will of Mrs. Couts, Mr. Couts, at different times, con-
veyed to four of her heirs each separate parcels of the community es-
tate. The conveyances were voluntary, and the transactions were gifts.
Those to two of the heirs conveyed the title in fee simple; but those to
the other two conveyed only the life estate, with remainder in fee simple
to the children of the grantees respectively. It does not appear that
either of those conveyances had any connection with either of the others.

Now, it may be that, as between persons claiming under either of the
daughters to whom the life estate was conveyed, and her children, a
case of election may arise, after the death of such daughter, though even
in such a case there would be presented two questions: (1) Can a mar-
ried woman be estopped by the mere acceptance of a deed? and (2) does
the doctrine apply where the grantor has an interest in the property de-
vised or donated? But even in such case, should she be held estopped
by her election to claim under the deed, it seems to us that the doctrine
of election goes no further than to declare an estoppel against her as to

any interest in the land adverse to the title purported to be conveyed by her father. If, as Judge Story says, as already quoted, "Every case of election presupposes a plurality of gifts," it must arise as between the donees claiming inconsistent rights. Since in the illustration we have given the devisor is presumed to intend to give to A only on condition that he will relinquish his title in favor of B, so a grantor in conveyances may annex a condition to his grant, which the grantee by his acceptance may bind himself to fulfill. But we fail to see how by the acceptance of a deed-poll, which contains no conditions either express or implied, the grantees are in any manner estopped. That the grantee in a deed is not estopped to dispute the title of his grantor, has been held by this court. (Howard v. Masterson, 77 Texas, 41.)

Besides here the attempt is not merely to claim an estoppel against each of the grantees to assert title to any part of the premises conveyed to her. The title to those tracts is not directly involved in this suit, which is merely a proceeding to set aside the probate of a will. The appellants in the answer to which the demurrer was sustained seek to go further and to claim that because the grantee saw proper to accept a title which in part the grantor had only by virtue of the will they are estopped to take action to annul its probate, although there was no reference in either conveyance so far as we can see, either directly or indirectly, to the will.

We answer the second question in the negative and find it unnecessary to decide the question so ably discussed upon the argument, as to how far under our laws a married woman may be estopped by her action in accepting a deed.