## ALSUP v. HAWKEYE SECURITIES FIRE INS. CO. (No. 3156.) *

(Court of Civil Appeals of Texas. Texarkana. Jan. 7, 1926. Rehearing Denied Jan. 27, 1926.)

Judges ⚌56—Entry of judgment by special judge legally disqualified to sit in case held void.

Entry of judgment by special judge, who was disqualified by reason of being interested in the case as an attorney for plaintiff, held void.

Appeal from District Court, Lamar County; George P. Blackburn, Judge.

Suit by the Hawkeye Securities Fire Insurance Company against G. M. Alsup. Judgment for plaintiff, and defendant appeals. Affirmed.

W. L. Willie and Lattimore & Birmingham, all of Paris, and Clark & Clark, of Dallas, for appellant.

E. G. Senter, of Dallas, and Edgar Wright and Patrick & Eubank, of Paris, for appellee.

LEVY, J. This is an application for injunction to restrain the execution of a judgment rendered on November 24, 1924, in the district court for the Sixth judicial district, in Lamar county. The injunction was made perpetual on final trial on the merits of the case. The district judge made findings of fact and conclusions of law, which are a part of the record, and the facts so found are accepted by this court and made a part of this opinion. The court on the facts correctly held that the judgment in controversy was void and of no effect whatever, and he had the legal authority to so decide and determine.

The court specially found that there was no trial of the cause in vacation within the meaning of article 1714, Rev. Stat. §1911; that the cause was transferred on September 22, 1924, from the Sixty-Second judicial district, where it was pending, to the Sixth judicial district; that there was no entry of record in the cause of any judgment prior to the order and actual transfer to the Sixth judicial district; that on November 22, 1924, the last day of the term, the special judge presiding in the Sixth judicial district "entered judgment" in the cause in favor of appellant; that the said special judge was "one of the plaintiff's attorneys in his case against Hawkeye Securities Fire Insurance Company."

There is no assignment of error challenging, and the evidence supports, the finding that the special judge formally entered the judgment, and that he was disqualified by reason of being interested in the case "as attorney for the plaintiff in his case." Any

order made by a judge legally disqualified to sit in the case, as here, is null and void. Gains v. Barr, 60 Tex. 676; Jouett v. Gunn, 35 S. W. 194, 13 Tex. Civ. App. 84.

The judgment being absolutely void, an injunction would lie to restrain its enforcement. Therefore the judgment appealed from is affirmed.