**WILLIAMS v. SINCLAIR–PRAIRIE OIL CO. et al.**

No. 5318.

Court of Civil Appeals of Texas. Texarkana.

June 15, 1939.

Rehearing Denied Nov. 30, 1939.

212

C. E. Bryson, of Houston, King & Wheeler, of Texarkana, and Wynne & Wynne, of Longview, for appellant.

Paul A. McDermott and Vernon F. Hillery, both of Fort Worth, W. H. Sanford and Conan Cantwell, both of Dallas, Walter H. Walne, of Houston, Edward H. Chandler, of Tulsa, Okl., Baker, Botts, Andrews & Wharton, of Houston, H. P. Smead, of Longview, A. E. Groff, of Houston, Thompson, Mitchell, Thompson & Young, Truman Post Young, Calvin A. Brown, and Thomas L. Croft, all of St. Louis, Mo., and Bramlette & Levy, Merritt H. Gibson, and R. S. Wyche, all of Longview, for appellees.

JOHNSON, Chief Justice.

This suit was filed by appellant, Elizabeth Williams, community survivor of the estate of herself and her husband, John R. Williams, an insane person, against appellees, Sinclair-Prairie Oil Company and others. Plaintiff's petition seeks in a direct attack and in the nature of a bill of review to set aside and to cancel a judgment rendered March 31, 1932, in the District Court of Gregg County in cause No. 7870, styled N. E. Williams as Next Friend of John R. Williams v. W. H. Winn et al.; and to set aside and cancel certain oil and gas leases and mineral deeds executed by John R. Williams and wife, Elizabeth Williams; and to recover title and possession of the mineral interest claimed by defendants under said judgment and said conveyances; and for an accounting of the oil and gas produced from the land by defendants. A general demurrer to plaintiff's petition was sustained. She declined to amend and the suit was dismissed. Plaintiff has appealed. The parties will be referred to as aligned in the trial court, plaintiff and defendants.

Plaintiff's petition to which the general demurrer was sustained, and with respect to which action of the trial court error is assigned, alleges in substance that John R. Williams was adjudged insane by the County Court of Gregg County in 1909. That there has been no subsequent proceeding adjudging John R. Williams restored to sanity as provided by R. S. Articles 4282, 4283, and 4284, Vernon's Ann.Civ.St. arts. 4282–4284 (referred to as the restoration statute), but that said judgment declaring John R. Williams insane has at all times since its rendition and is now in full force and effect. That John R. Williams and plaintiff, Elizabeth Williams, were lawfully married in 1917,

since which time they have lived together as husband and wife. That in 1929 they acquired as their community property the land here involved, consisting of 97.6 acres situated in Gregg County. That said land has constituted their homestead continuously since the date of its purchase. That in the latter part of 1930 and first part of 1931 John R. Williams and wife, Elizabeth Williams, executed certain mineral conveyances consisting of oil and gas leases and the mineral deeds purporting to convey all the mineral interests in said land. The petition describes the several instruments. That subsequent to the execution of said conveyances one N. E. Williams on May 23, 1931, filed his petition in the District Court of Gregg County seeking to sue in the alleged capacity "as a friend of the court" and presenting matters relating to the interest of John R. Williams and Elizabeth Williams but not alleging any disability on the part of either of them to sue for themselves, or any authority from them or from any source to prosecute the suit. That the suit was styled N. E. Williams v. W. H. Winn et al., and numbered 7870 on the docket of said court. That on October 5, 1931, said N. E. Williams filed his first amended original petition in said cause, wherein he sought "as next friend and father of John R. Williams" to further prosecute the action on behalf of John R. Williams alone. That on February 17, 1932, N. E. Williams "as next friend and father of John R. Williams" filed his third amended original petition in said cause No. 7870. Said third amended original petition is set out verbatim in plaintiff's petition in the present suit. The defendants in said cause No. 7870 are the claimants of mineral interests under the conveyances executed by John R. and Elizabeth Williams and are defendants in the present suit. N. E. Williams and John R. Williams are also made parties defendant in the present suit. Said third amended original petition, on which cause No. 7870 was tried, alleges in substance an action to set aside and cancel the above-mentioned oil and gas leases and mineral deeds executed by John R. Williams and wife, Elizabeth Williams, and to recover title and possession of said land and for damages, on the ground that John R. Williams was insane at the time of executing said conveyances. It alleges that John R. Williams has continuously been "up to and including this date" insane. In the alternative it alleges that if

the plaintiff, N. E. Williams, as next friend of John R. Williams, be mistaken in his allegation that John R. Williams was insane at the time and on the dates he executed said conveyances, then and in that event said John R. Williams and his wife, Elizabeth Williams, "join this suit and bring this suit (No. 7870) in their own name for themselves and plead as follows: * * *" Said petition (in cause No. 7870) then alleges for such alternative plea that John R. Williams was "weak-minded and weak-willed" at the time of signing said conveyances and that the defendants were guilty of fraud in procuring their execution by him.

Plaintiff's petition in the present suit further alleges that all defendants in No. 7870 answered said third amended original petition filed in said case; that said answers in addition to pleas of general demurrer and pleas of not guilty contained cross actions praying for affirmative relief that they have judgment quieting their title to the minerals claimed by them under said conveyances executed by John R. and Elizabeth Williams; that no notice or process was issued or served upon said cross actions, but that the attorneys representing the plaintiff, N. E. Williams, as next friend of John R. Williams, waived such notice and entered "the appearance of John R. Williams acting by and through his next friend, N. E. Williams." Plaintiff's petition in the present suit further alleges that on March 31, 1932, a judgment was entered in said cause No. 7870. The judgment in said cause, which is the judgment here sought to be set aside and cancelled, is set out verbatim in plaintiff's petition in the present suit. Said judgment recites that "plaintiff John R. Williams, appeared by his next friend, N. E. Williams; and the plaintiffs John R. Williams and wife, Elizabeth Williams appeared in their own behalf and by counsel"; that the defendants, naming them, appeared in person and by counsel; that a jury was waived, and that all parties announced ready for trial; that after the pleadings had been read it was announced to the court that a settlement had been agreed upon subject to the approval of the court, as evidenced by a written contract previously signed by all parties and filed in the papers; that thereupon the contract was presented in evidence and considered by the court. The contract is set out in full in the judgment. It shows to have been signed by John R. Williams

and wife, Elizabeth Williams, and by N. E. Williams as next friend for John R. Williams, and by each of the defendants. The contract describes the particular leasehold and mineral interests claimed respectively by each of the defendants. It agrees that certain named defendants shall pay into the treasury of the court specific sums of money totaling $9,000. "to or for the account of John R. Williams and wife, Elizabeth Williams." The agreement further recites that "by judgment in this cause there shall be vested in N. E. Williams, but in trust for John R. Williams and wife, Elizabeth Williams, an undivided 1/16 interest in and to the oil, gas and other minerals in and under the 81.2 acres of land, more or less, hereinbefore described, subject to the oil and gas mining leasehold estate therein of Sinclair Oil & Gas Company, and covering and including an undivided 1/16 part of the royalties of 1/8 in the oil and gas that may from and after this date be produced and saved from said land." That a 1/8 interest in the minerals in and under 16.2 acres of land shall be vested in N. E. Williams in trust for John R. Williams and wife, Elizabeth Williams, subject to the leasehold estate of the Lion Oil & Refining Company; that the leasehold estate and remaining mineral interest in said land shall be vested in certain named defendants. The judgment in cause No. 7870 after reciting the agreement above mentioned continues with the recital that after said agreement had been heard and considered by the court "it was ordered by the court that all parties proceed with the evidence bearing upon all issues made herein by all the pleadings on file. After full consideration of the evidence and stipulation and contract between the parties thereto, the court finds as follows: * * * that John R. Williams was sane and of sound mind and fully understood the import, meaning and effect of his acts" on the several dates named in the latter part of 1930 and first part of 1931, on which he executed the several conveyances mentioned; and that "their execution was not procured by fraud. That the contract of settlement was fair and should be approved." The judgment decrees "that plaintiff, John R. Williams suing herein through his next friend N. E. Williams, and the said John R. Williams and wife, Elizabeth Williams, suing herein in their own behalf, take nothing by reason of this suit." It further decrees that said 1/16 mineral interest in the 81.2 acres and said 1/8 interest in the 16.4 acres be vested in N. E. Williams in trust for John R. Williams and Elizabeth Williams; and that the title thereto be quieted in said N. E. Williams against the defendants. It vests the remaining mineral interests in the land in the defendants and quiets the title thereto in them as prayed for in their several cross actions. The judgment decrees that the $9,000 stipulated in the agreement to be paid into the registry of the court by defendants for the account of John R. Williams and Elizabeth Williams, shall be paid over to the clerk of the court, "subject to the further orders of this court and when said respective sums of money have been paid over by the respective parties hereinbefore adjudicated to pay the same to the clerk of this court, said payment shall be deemed a full and complete satisfaction against the parties hereinbefore adjudged to make such payments." The judgment further recites that evidence was introduced "touching upon the legal services rendered to the said N. E. Williams as next friend of John R. Williams and to the said John R. Williams and Elizabeth Williams, his wife, in this cause, and the expenditures made in connection therewith by counsel by plaintiffs." The court thereupon finds that $4,500 for attorneys' fees and $626.63 for expenses are reasonable sums to compensate said attorneys. Whereupon judgment was entered in favor of said attorneys, naming them, for $5,126.63, ordering and decreeing that same be paid out of the $9,000 recovered by John R. and Elizabeth Williams. The judgment decrees that the costs of suit be taxed against the defendants and that execution may issue for costs.

Plaintiff's petition in the present suit continues with further allegations to the effect that John R. Williams is and has continuously been since 1909 insane in fact, and that during all of which time, as the result of said judgment of the county court declaring him insane, the status of John R. Williams was and is that of an insane person as a matter of law. The petition in substance further alleges that the evidence presented for the court's hearing in cause No. 7870 was for the purpose of supporting an agreed judgment according to the terms of the purported contract previously entered into by the parties and that evidence was not offered for the purpose of actually determining issues between the adverse parties as raised by the pleadings.

The petition states a number of alleged legal reasons why, it is contended, that said conveyances and the judgment in cause No. 7870 are void, or in the alternative, voidable and should be set aside.

## Opinion.

Plaintiff's propositions presenting to this court her contentions as to the sufficiency of her petition, against which the general demurrer was sustained, in stating a cause of action, may for convenience be grouped into two classes: First, the propositions contending that the oil and gas leases and mineral deeds executed by John R. Williams and wife, Elizabeth Williams, sought to be cancelled, are void or voidable; second, the propositions contending that the judgment in cause No. 7870 is void, or voidable. The petition unquestionably states a cause of action authorizing cancellation of said conveyances and recovery of the minerals should the judgment in cause No. 7870 be held void, or be set aside. So, it will only be necessary to discuss the second group of propositions, those attacking the validity of the judgment in cause No. 7870.

 It is contended that the Constitution, Article 5, Section 8, Vernon's Ann. St., grants to the district court no original jurisdiction over an insane person, except through the medium of a guardian or other representatives appointed by the county court, wherein said section of the Constitution provides: "The District Court shall have * * * original jurisdiction and * * * control over executors, administrators, guardians and minors under such regulations as may be prescribed by law." And that exclusive, original jurisdiction over an insane person is vested in the county court by Article 5, Section 16, of the Constitution, wherein it is provided: "The County Court shall have the general jurisdiction of a Probate Court" and they "shall * * * appoint guardians * * *" and "they shall * * * transact all business appertaining to * * * idiots, lunatics, persons non compos mentis." Hence, it is contended that R.S.Article 1994, insofar as it attempts to confer original jurisdiction upon the district court over an insane person through the medium of a "next friend" is without constitutional authority. That the county court of Gregg County in 1909 in the exercise of its exclusive original jurisdiction having acquired custody and charge of John R. Williams and adjudged him insane, it thereby as a matter

of law fixed his status as an insane person and ward of said court, and vested in said court exclusive authority to appoint a guardian of and to "transact all business appertaining to" said ward, and divested John R. Williams of lawful authority to contract or be contracted with, or to sue or be sued, except through the medium of a guardian appointed by the said court; that since there has been no subsequent proceeding adjudging John R. Williams restored to sanity as provided by the restoration statutes, such status of insanity and such wardship continues as a matter of law. Therefore, it is contended, the judgment in cause No. 7870 is void, because the district court had no constitutional power to acquire the original jurisdiction which it attempted to exercise over the person and property of John R. Williams, through the medium of a "next friend." The exact question here raised as to whether an insane person may maintain a suit by a next friend was certified to the Supreme Court by the Court of Civil Appeals at Fort Worth, and the Supreme Court answered the question in Holland v. Couts, 100 Tex. 232, 98 S.W. 236, 237, as follows: "We are of the opinion that the case was properly prosecuted on behalf of the plaintiffs, who were non compos mentis, by a next friend. We approve the reasoning by which the court of Civil Appeals reached that conclusion, in their opinion [Holland v. Couts, 42 Tex.Civ.App. 515, 98 S.W. 233]. The cases of Holzheiser v. Railway Co. [11 Tex.Civ.App. 677], 33 S.W. 887, and Hughey v. Mosby [31 Tex.Civ.App. 76], 71 S.W. 395, in the latter of which a writ of error was refused by this court, establish the doctrine, that a suit in the district court by a next friend in behalf of an insane person is properly brought." This decision was rendered in 1906, prior to the amendment of Article 1994 by the Acts of 1909, page 176. The original enactment, Acts of 1893, page 3, in force to 1909, applied to minors only. The 1909 amendment included "idiots, lunatics, and persons non compos mentis" in the statute. So, the 1909 amendment in this respect merely enacted a rule of law already declared by our Supreme Court to be in force. The following are additional decisions, some rendered prior and some rendered subsequent to the 1909 amendment of Article 1994, recognizing the rule that an insane person may sue and be represented by a next friend. Pelham v. Moore, 21 Tex. 755, 756; Edwards v. Edwards, 14 Tex.Civ.App. 87, 36 S.W.

1080; Mills v. Cook, Tex.Civ.App., 57 S. W. 81; Williams v. Sapieha, Tex.Civ.App., 59 S.W. 947; Schneider v. Rabb, Tex.Civ. App., 100 S.W. 163; Lindly v. Lindly, Tex. Civ.App., 109 S.W. 467, Id., 102 Tex. 135, 113 S.W. 750; Holland v. Riggs, 53 Tex. Civ.App. 367, 116 S.W. 167. The provisions of R.S.Article 1994 are here involved insofar only as they provide that an insane person may sue and be represented by next friend, and that such next friend or his attorney of record may with approval of the court compromise such suit and agree to a judgment. The above cited authorities appear to conclusively affirm the question that the district court has authority to hear and determine the suit of an insane person represented by a next friend. We think that the authority of the court to entertain the cause of action would include the power to hear and determine a compromise as well as a contest of the matters over which the exercise of its jurisdiction has been invoked by the pleadings of the parties. We express no opinion as to the remaining provisions of Article 1994. Therefore, we hold that the judgment in cause No. 7870 is not void for want of original jurisdiction to entertain the suit of an insane person represented by a next friend, nor because of the fact alone that it was an agreed judgment. But for other reasons assigned by plaintiff, we think the court was without authority to render the particular judgment entered in cause No. 7870.

The particular judgment entered in cause No. 7870 is fundamentally erroneous and void for want of support in pleading, in that it awards N. E. Williams, the next friend, recovery of title to a portion of the minerals sued for on behalf of John R. Williams. The vesting of title in N. E. Williams to 1/16 of the minerals in the 81.2 acres and 1/8 of the minerals in the 16.4 acres was the adjudication of a subject matter not before the court by any pleadings. It was the attempted exercise of jurisdiction without the scope of and wholly aside from that jurisdiction invoked by the pleadings; in other words, it was the adjudication of a matter over which the exercise of the court's potential power had not been called into action by any pleading. A judgment based upon pleadings which do not invoke the jurisdiction of the court with respect to the particular subject matter determined by the judgment is funda-

mentally erroneous and void. Sandoval v. Rosser, Tex.Civ.App., 26 S.W. 930, Id., 86 Tex. 682, 26 S.W. 933; Smith v. Pegram, Tex.Civ.App., 80 S.W.2d 354; City of Ft. Worth v. Gause, 129 Tex. 25, 101 S.W.2d 221; 25 Tex.Jur. 474, Sec. 98; 15 R.C.L. 604, Sec. 43; Freeman On Judgments, 5th ed., Secs. 338, 355. The fact that the title to the minerals vested by the judgment in N. E. Williams was vested in him in trust for John R. Williams and wife, Elizabeth Williams, may reduce the injury, but it nevertheless divests them of the legal title to their property, a valuable right.

Contention is made to the effect that, notwithstanding the absence of pleading to support it, the judgment in cause No. 7870 may be sustained upon the ground that it was an agreed judgment. The question as to whether parties who are properly before the court may have their agreement incorporated into a judgment, adjudicating a subject matter concerning which the jurisdiction of the court has not been called into action by any pleading, is not necessary to be determined in this case, and we do not decide it, for the reason that the agreement upon which the judgment in cause No. 7870 is based and which agreement is here offered as a substitute for or to operate in lieu of the needed pleading, is void as against public policy. Had the provisions of said agreement authorizing such recovery in favor of said N. E. Williams been incorporated into his pleadings it would have been the duty of the court to at once dismiss the suit. A next friend can not maintain the cause of an insane person against whom in the same suit he is asking a recovery. A next friend occupies as great a trust relation toward the insane person whose interest he represents as that of a guardian toward his ward. In Sandoval v. Rosser, 86 Tex. 682, 26 S.W. 933, 934, Judge Brown for the Supreme Court said: "In this case the language of the petition is, 'Mariano Rodriguez sues in his own right and as guardian of the minors, Manuel Yturi Castillo and Vincente Yturi Castillo.' This language did not make the Castillos parties to the suit, but described the character in which Rodriguez appeared in the case. If, however, the language were such as to make the minor parties to the suit, under ordinary circumstances, it could not have the effect in this case, for the reason that the guardian was adversely interested, and he could not maintain a suit for himself

personally against himself as guardian. In the case of Fortune v. Killebrew [86 Tex. 172] 23 S.W. 976, this court held that, where the guardian was interested adversely to his wards in a tract of land, he could not sign for his wards an agreement to arbitrate the rights of himself and wards in the division of the land, and that, as between him and the wards, the agreement would be void. In Iturri v. Whitehead, 22 Tex. 556, plaintiff Whitehead sued the minors, and was afterwards appointed guardian of their estate; prosecuted the case to judgment against them, which being appealed, the court said: 'It would seem, on general principles, that after it was made apparent to the court that the plaintiff had been appointed guardian of the defendants, the suit ought to have been dismissed; but, as this point has not been noticed by counsel, it need not be decided.' This is the enunciation of the principle of right, that courts must recognize and enforce, that one who occupies a trust relation shall not use the authority given him by law or contract to the abuse of the trust. This principle applies with peculiar force, and appeals to the courts with greater emphasis, in cases between minors and their guardians." The above is but an application of the ancient and well settled doctrine that courts will not permit one to act in relations which ordinarily excite a conflict between self-interest and integrity.

 It is further contended in substance that the judgment in cause No. 7870 may be sustained upon the grounds that John R. Williams agreed to the judgment, and that in support of the validity of the judgment it may be presumed that the trial court found that John R. Williams was sane at the time of the trial, when he agreed to the judgment. We do not think this contention can be sustained. First, such presumption is inconsistent with the record. Second, should such presumption be indulged it would not remove from the record the vice wherein N. E. Williams while acting in the trust capacity of next friend acquired the legal title to the property against the person whose interest he represented. The record shows that N. E. Williams continued to act in the capacity of a plaintiff as next friend of John R. Williams, an alleged insane person. That the court permitted him to maintain and continue to prosecute the suit in that capacity includes the presumption that the court

inquired into and satisfied itself as to the existence of such alleged fact of insanity. Lindly v. Lindly, 102 Tex. 135, 113 S.W. 750. The further action of the court (though without power to do so) vesting N. E. Williams with title to the land, and in awarding the attorneys judgment for their services against John R. Williams evidences the fact and can not be reasonably accounted for upon any other theory than that the court was of the opinion that John R. Williams was insane at the time of the trial. It is further contended that since the judgment in cause No. 7870 recites that the court found that John R. Williams was sane at the time he executed the instrument sought to be cancelled, that such finding raised a legal presumption of sanity at all subsequent dates, therefore it must be presumed that John R. Williams was sane at the time of the trial. Counter to this contention plaintiff contends that the judgment of the county court of Gregg County rendered in 1909 adjudging John R. Williams insane legally established the status of John R. Williams as that of an insane person and that proper verity given to that judgment conclusively affirms the issue of his insanity at all subsequent times until he has been restored to sanity by judgment of the county court in a proceeding instituted for that purpose as authorized by the restoration statute. Prior to the enactment of the restoration statute it was held that such a judgment of insanity, as against strangers thereto, created a rebuttable presumption of insanity; that is, "prima facie evidence of the mental unsoundness adjudged to exist." Herndon v. Vick, 18 Tex. Civ.App. 583, 45 S.W. 852. We do not think that the enactment of the restoration statute changed the effect of a judgment of insanity from a rebuttable presumption to a conclusive presumption. It is our opinion that the restoration statute merely provided a remedy for permanently removing the existing rebuttable presumption of insanity. Therefore we think that the judgment of the county court of Gregg County adjudging John R. Williams insane has the legal effect of constituting a continuous rebuttable presumption of insanity, effective at any time the issue is raised and continues to have that force and effect until his status of sanity is adjudged to be restored by a judgment of the county court in a proceeding authorized for that purpose by the restoration statute. Hence the finding of the court that John R. Williams was

sane at the time he executed the conveyance does not have the legal effect of a judgment of the county court restoring his status of sanity, so as to raise the presumption of sanity at the time the judgment was rendered in cause No. 7870.

The judgment in cause No. 7870 is also fundamentally erroneous and void in that it, without any support in pleading or agreement of the parties, awards a recovery against John R. Williams and wife, Elizabeth Williams, in favor of the attorneys "for $625.63 expenditures and $4,500 for legal services rendered to the said N. E. Williams as next friend to John R. Williams and to the said John R. Williams and Elizabeth Williams, his wife," in said cause. Such judgment is not only without any support in the pleading, it is not within the terms of the agreement of the parties upon which the judgment is based. In Wyss v. Bookman, Tex.Com.App., 235 S. W. 567, 569, it is said: " * * * we think it clear that the court would be entirely without authority to render any judgment other than that falling strictly within the terms of the stipulations. It was not for the court to determine whether the benefits to accrue from a particular stipulation might be had under some arrangement different from that stipulated. The powers of the judge, exercised by virtue of agreement of the parties, extend, we think, to entering only such judgment as was a literal compliance with the agreement."

It is contended that the judgment against John R. Williams and Elizabeth Williams awarding said attorneys recovery for their expenses and legal services may be sustained upon the ground that it is analogous to the action of a court in allowing a guardian ad litem a reasonable fee for his services. The contention is not sustained. The analogy in point of fact is not present in the comparison, nor is the authority of law granted by the statute to the court in the one instance present in the other. The statute, R. S. Article 2159, authorizing the court to appoint a guardian ad litem also authorizes the court to "allow him a reasonable fee for his services, to be taxed as a part of the costs." The statute, Article 1994, authorizing an insane person to sue and be represented by a next friend, contains no such provision as that above quoted from Article 2159. It is further contended that "the trial court had jurisdiction of the fund and therefore jurisdiction to require that a portion of it be used to pay attorneys' fees to the next friend's attorneys." There were no pleadings and no agreement granting the attorneys an interest in the money recovered from John R. Williams and his wife, the debt due the attorneys was simply an unliquidated and unsecured demand for expenses and legal services rendered. It is true as contended that the court had jurisdiction over the money recovered for John R. Williams and his wife, Elizabeth Williams, and ordered to be paid into the treasury of the court for their account, but such jurisdiction over the money was limited to that invoked by the pleadings. In other words, the court was as much without power to order the money paid to the attorneys as it would have been to order its use in payment of any other debt due by John R. Williams and his wife, Elizabeth. In White v. Simonton, 34 Tex.Civ.App. 464, 79 S.W. 621, 624, it is said: "We hold that that part of the judgment wherein it is decreed that one-half of the recovery in favor of appellees shall inure to the benefit of their attorneys is erroneous. The appellees are all minors, and the attorneys themselves were not before the court as parties, and there is no pleading warranting such finding. In addition, we doubt whether, in any event, the attorneys would be entitled to such relief. Glassgow v. McKinnon, 79 Tex. [116], 117, 14 S.W. 1050."

The judgment of the trial court will be reversed and the cause remanded.

### On Motion for Rehearing.

Since announcement of our original opinion filed herein on June 15, 1939, whereby the judgment of the trial court was reversed and remanded, and while appellees' motions for rehearing are pending, the appellant, joined by appellee N. E. Williams, has presented to us a motion suggesting the disqualification of the trial judge by reason of having been of counsel and that the judgment from which this appeal is prosecuted is void by reason of constitutional provision reading as follows: Sec. 11, Art. 5, Vernon's Ann.St.Const.: "No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or *when he shall have been counsel in the case.*" (Italics ours).

Attached to such motion is the affidavit of Hon. C. E. McGaw, the district judge

who entered the judgment in this case. The affidavit reads as follows:

"The State of Texas ⎱
"County of Gregg ⎰

"Before me, the undersigned authority, on this day personally appeared Judge C. E. McGaw, who being by me duly sworn on oath, states:

"That he is a lawyer admitted to the Bar of Texas, and is the identical C. E. McGaw who, as a member of the law firm of Stuart, Morgan, McGaw and Mitchell, signed as one of the attorneys of record for John R. Williams and Elizabeth Williams, and N. E. Williams, as next friend, the agreed judgment, made the basis of the suit and complaint by the Appellant in the above entitled cause, and set forth and contained in the transcript of the record on appeal, and on file in the above entitled and numbered cause in the Court of Civil Appeals of the Sixth Supreme Judicial District of Texas; that he was, in fact, an attorney in the case as set forth in the said case; that at the time of the trial of the above case now on appeal, he was the duly elected and qualified District Judge of the 124th Judicial District Court, and the judge who presided and determined and rendered the judgment in the above cause, from which this appeal was taken, and which judgment appears, and is contained in the transcript of the record on appeal in the above entitled cause; that the C. E. McGaw who appeared as attorney of record in the said agreed judgment; and the Clarence E. McGaw, who presided as said judge in the trial of the said cause on appeal is one and the same identical person.

"C. E. McGaw

"Subscribed and sworn to before me by Judge C. E. McGaw on this September 22nd, 1939.

"Dozier Skipper, Jr.
"Clerk of District Court of Gregg
"(Seal) County, Texas."

If the district judge was so disqualified, he then had no power to act in the case. It appears to be a well-settled rule that a judgment entered by a judge who is disqualified by the constitutional inhibition is void and of no effect.

We think the record amply reflects that the trial judge was disqualified to enter the judgment appealed from, and that the motion should be granted. Freeman on Judgments (5th Ed.) Vol. 1, Sec. 328, 338; Lee v. British-American Mtg. Co., 51 Tex.Civ.App. 272, 115 S.W. 320; Gulf C. & S. F. R. Co. v. Looney, 42 Tex. Civ.App. 234, 95 S.W. 691; Seabrook v. First Nat'l Bank of Port Lavaca, Tex. Civ.App., 171 S.W. 247; Templeton v. Giddings, Tex.Sup., 12 S.W. 851; King v. Wise, Tex.Civ.App., 1 S.W.2d 732; Weil v. Lewis, Tex.Civ.App., 2 S.W.2d 566; Alsup v. Hawkeye Securities Co., Tex.Civ. App., 283 S.W. 618.

The granting of this motion does not change our judgment, but is another reason why the case must be remanded for a new trial.

All motions for rehearing have been duly considered and are respectfully overruled.