

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00337-CV

IN THE INTEREST OF E.M. AND F.M.

----------

FROM THE 231ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 231-405302-06

----------

## MEMORANDUM OPINION[1]

----------

The mother of E.M. and F.M. appeals from the denial of her petition for bill of review. In three issues, Mother argues that the original judgment in which the trial court adjudicated Father's paternity as to F.M.[2] is void or voidable because (1) it was not supported by adequate pleadings, (2) F.M.'s then-alleged father was not provided proper notice of the proceeding, and (3) the trial court failed to appoint a guardian ad litem to represent F.M.'s interests during that proceeding.

---

[1]*See* Tex. R. App. P. 47.4.

[2]There is no dispute that Father is E.M.'s biological father but that he is not F.M.'s biological father.

In a fourth issue, Mother alleges that the trial court's failure to file findings of fact and conclusions of law materially harmed her ability to appeal its denial of her bill of review. We affirm.

**Background Facts**

F.M. was born in 2002 nine to fifteen months before Mother and Father met. E.M. was born to the couple in 2004. In 2006, Father filed a petition to adjudicate his parentage as to E.M. only.[3] However, a health insurance availability form he filled out included information for both E.M. and F.M. In 2008, Mother and Father mediated their dispute; as a result, they entered into a mediated settlement agreement (MSA) that provided for the adjudication of Father as the father of both E.M. and F.M. and set a possession and access schedule for both children.

The trial court rendered an order adjudicating parentage (OAP) incorporating the terms of the MSA; an unsigned copy of that order had been attached to the MSA signed at mediation. Under the section entitled Parentage Findings, the trial court made the following finding: "The Court finds that [Father] . . . has admitted to the paternity of [E.M.] and [F.M.] by pleading or in open court under oath and that there is no reason to question the admission." Neither

---

[3]He had previously filed for divorce from Mother, listing both E.M. and F.M. as children of the marriage, but he nonsuited the divorce petition after discovering they could not legally have been married.

Mother nor her counsel signed the OAP.  Mother did not file a motion for new trial, nor did she file a notice of appeal from the OAP.

Two years later, Mother filed a motion to modify the OAP, alleging that Father had engaged in improper behavior during scheduled exchanges of the children and asking for future exchanges to occur at a police station or comparable facility.  She listed Father in her motion as the father of both children and alleged that the trial court had continuing, exclusive jurisdiction.  Father filed a counterpetition to modify, alleging neglect and physical abuse and seeking appointment as the sole managing conservator of both children.   Mother responded by filing a motion to void the OAP, alleging that the trial court lacked jurisdiction to render it as to F.M. and that Father was not F.M.'s biological father.  She also filed a petition for bill of review with the same allegations.

The trial court's associate judge denied Mother's motion to void the OAP.  Additionally, after a hearing, the presiding judge of the trial court denied the bill of review petition.  On appeal, Mother challenges only the denial of the bill of review petition.

## Standard of Review

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal.  *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998).  When the bill of review inquiry concerns questions of law, such as whether a judgment is void or voidable, we review the trial court's decision de novo*.  See BMC Software*

*Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). A judgment is void when "the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010). A judgment is not presumed valid when the record establishes a jurisdictional defect. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273 (Tex. 2012). The record affirmatively demonstrates a jurisdictional defect sufficient to void a judgment when it either (1) establishes that the trial court lacked subject matter jurisdiction over the suit or (2) exposes such personal jurisdictional deficiencies as to violate due process. *Id.*

### Lack of Pleadings Supporting Inclusion of F.M. in OAP

In her first issue, Mother claims that the OAP is void because it is not supported by sufficient pleadings. Father's original petition to adjudicate paternity listed E.M. only and did not seek for him to be adjudicated the father of F.M. Mother contends that the trial court did not have jurisdiction over F.M. because he was not listed in any pleading. However, the MSA provided that an order would be rendered adjudicating Father the father of both E.M. and F.M. and the proposed OAP was attached to the MSA.

A judgment that is not supported by adequate pleadings or has not been tried by consent is void. Tex. R. Civ. P. 301; *Hampden Corp. v. Remark, Inc.*, 331 S.W.3d 489, 499 (Tex. App.—Dallas 2010, pet. denied). But "[n]o pleadings are required to support an agreed or negotiated judgment, and a party

4

participating in the judgment is barred by the judgment although not joined in the pleadings." *E.g., Gracia v. RC Cola–7-Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex. 1984); *Mullins v. Thomas*, 150 S.W.2d 83, 84 (Tex. 1941); *see also* Tex. R. Civ. P. 67 (holding that trial amendment is unnecessary if issue is tried by express or implied consent); *Lolley v. Lolley*, 181 S.W.2d 941, 941–42 (Tex. Civ. App.—San Antonio 1944, writ dism'd) (affirming custody award without supportive pleadings after issue had been tried by the parties' implied consent). *But cf. Williams v. Sinclair-Prairie Oil Co.*, 135 S.W.2d 211, 216 (Tex. Civ. App.—Texarkana 1939, writ dism'd judgm't cor.) (affirmatively stating that judgment was void for want of support in pleadings but also stating that court need not decide whether fact that judgment was agreed changed outcome because judgment was nevertheless void as against public policy). A mediated settlement agreement that conforms with the requisites of section 153.0071 of the family code operates as an agreed judgment because the trial court has no discretion to refuse to render judgment on the agreement absent a finding that the agreement is not in the child's best interest because of domestic violence; nothing in the record shows that domestic violence was raised or indicated in reference to the OAP. Tex. Fam. Code Ann. § 153.0071(e), (e-1) (West 2014); *In re Lee*, 411 S.W.3d 445, 452–55 (Tex. 2013); *Milner v. Milner*, 361 S.W.3d 615, 618–19 (Tex. 2012). We conclude and hold that the OAP is not void for lack of support by the pleadings.[4]

---

[4]Although Mother contended that the trial court lacked subject matter

5

Accordingly, we overrule Mother's first issue.

## Lack of Service on Alleged Father

In her second issue, Mother contends that the OAP is void or voidable because F.M.'s alleged father was not served or notified of the proceeding to adjudicate parentage. Section 102.009(a)(8) of the family code provides that an alleged father must be served in a suit affecting the parent child relationship. Tex. Fam. Code Ann. § 102.009(a)(8) (West 2014). The failure to serve an alleged father in a suit to adjudicate paternity violates his due process rights. *In re K.M.S.*, 68 S.W.3d 61, 67 (Tex. App.—Dallas 2001), *pet. denied*, 91 S.W.3d 331 (Tex. 2002). However, Mother has not provided any authority—nor have we found any—holding that a violation of one party's due process right to service voids a judgment as to a party who was properly served and noticed. *See, e.g.*, *In re T.N.*, 142 S.W.3d 522, 525 (Tex. App.—Fort Worth 2004, no pet.) ("Mother does not have standing on appeal to complain about a violation of Father's due process rights."). We overrule Mother's second issue.

## Lack of Ad Litem for F.M.

Mother's third issue is directed at the lack of the appointment of an ad litem for F.M. Appointment of an amicus attorney or attorney ad litem is not necessary

jurisdiction over F.M. because he was not named in the pleadings, Mother did not and does not contend that the trial court's exercise of jurisdiction over F.M. was in violation of the UCCJEA. *See, e.g.*, Tex. Fam. Code Ann. §§ 152.001–.317 (West 2014); *In re Dean*, 393 S.W.3d 741, 746 (Tex. 2012) (noting that section 152.201(a) provides the "exclusive jurisdictional basis" for a Texas court to exercise jurisdiction over a child custody determination).

in a paternity action unless the trial court finds that the child's interests will not be adequately represented. Tex. Fam. Code Ann. § 160.612(b) (West 2014). The trial court did not make such a finding in the OAP. Mother contends that the evidence from the bill of review proceeding shows that neither she nor Father adequately represented F.M.'s interests. However, Mother's argument assumes that having Father adjudicated F.M.'s parent instead of the alleged father is not in F.M.'s best interest based on the lack of a biological relationship. *Cf. Stamper v. Knox*, 254 S.W.3d 537, 543 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (explaining that underpinning of paternity-by-estoppel theory is the security of the child). The evidence showed that F.M. has no relationship with his biological father, who only visited him "in the early stages." Father moved in with Mother when F.M. was less than two years old and lived with her for about three years, until March 2006. Father testified that he had never met F.M.'s biological father and that F.M.'s biological father had never come to visit F.M. Father and Mother had been exchanging possession of both F.M. and E.M. from August 25, 2008, the day after the trial court signed the OAP, through August 2012, the date of trial. We conclude and hold that the OAP is not void or voidable because an ad litem had not been appointed for F.M.

We overrule Mother's third issue.

### Omitted Findings of Fact and Conclusions of Law

In her fourth issue, Mother contends that this case must be abated for the trial court to make findings of fact and conclusions of law so that she can properly

7

present her appeal. Although Mother timely requested findings of fact and conclusions of law and gave notice of past due findings of fact and conclusions of law, the trial court nevertheless failed to make any. *See* Tex. R. Civ. P. 296–97.

Under Texas Rule of Civil Procedure 296, a trial court's failure to file findings of fact and conclusions of law is presumed reversible error, unless the record affirmatively shows that the requesting party was not harmed by their absence. *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996); *Alsenz v. Alsenz*, 101 S.W.3d 648, 652 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). Error is harmful if it prevents an appellant from properly presenting a case to the appellate court. *Tenery*, 932 S.W.2d at 30; *Alsenz*, 101 S.W.3d at 652.

Because Mother did not file a motion for new trial or appeal from the OAP, she was required to prove the following to prevail on her bill of review: (1) a meritorious ground of appeal (2) that she was prevented from making by the fraud, accident, or wrongful act of Father or by official mistake or misinformation, (3) unmixed with her fault or negligence. *See Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 243 (Tex. 1974); *Bales v. Bales*, No. 2-06-411-CV, 2007 WL 2963703, at *2 (Tex. App.—Fort Worth Oct. 11, 2007, no pet.) (mem. op.).

Mother testified that she did not speak or read English, that the MSA was not provided to her in Spanish, that her attorney did not explain everything to her in Spanish only, and that she did not realize that the MSA provided for Father to be adjudicated F.M.'s father as well as E.M.'s. She said she did not realize what

she had signed until she got home and her husband explained it to her. Mother's counsel testified, however, that he translated the MSA to her in Spanish, that he explained that F.M. was to be included in the OAP, and that Mother asked him questions about F.M.'s inclusion in the MSA.

Here, there is no evidence that Mother or her counsel was unaware of the trial court's signing of the OAP during the time for filing a motion for new trial or appeal. Mother's counsel testified that he spoke with Mother by cell phone and in person and explained to her the risks and options involved in filing a motion for new trial or appeal. She never asked him to file either. But he also testified that he believed the OAP was void for lack of service on F.M.'s alleged father and that he advised Mother of the possibility of filing a motion to modify in the future. Mother testified that she did not understand the MSA when she signed it, that she told her counsel that very soon after signing the MSA, and that after the OAP was signed, her counsel told her he would "fix it" but then never did.

Although alleged in Mother's bill of review petition, Mother provided no evidence in the trial court showing that her failure to file a motion for new trial or appeal from the OAP—or her signing of the MSA—was because of fraud, accident, or a wrongful act by Father. Mother testified that she did not understand that the MSA included F.M. when she signed it, but there is no testimony indicating that any act or omission by Father or his counsel contributed to her alleged misunderstanding, nor is there any testimony indicating that Father or his counsel prevented Mother from pursuing an appeal or motion for new trial.

9

Regardless of which testimony the trial court believed—Mother's or her counsel's—the result is the same: Mother did not meet her burden of showing that she was entitled to relief on her bill of review petition. *See Ledbetter v. State*, No. 2-03-058-CV, 2004 WL 1799847, at *2 (Tex. App.—Fort Worth Aug. 12, 2004, no pet.) (mem. op.); *cf. Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 408 (Tex. 1987) (holding that bill of review petitioner seeking relief from an adverse judgment resulting from the wrongful acts or his or her own counsel is not excused from pleading and proving extrinsic fraud by his or her opponent). Accordingly, we conclude and hold that Mother was not harmed by the absence of findings of fact and conclusions of law.[5] We overrule her fourth issue.

---

[5]It is clear from the record that the trial court understood the issues raised in light of the applicable standard of review:

> THE COURT: Apparently, the contested facts surround the execution of the mediated settlement agreement, the signing of the underlying order you're attacking and what action took place after that date, and if it did not take place, why it did not take place. Are those our issues today?
>
> . . . .
>
> THE COURT: . . . I believe that it goes to the very core of the bill of review to -- if a person does not seek -- when a person has knowledge of a final order or should have knowledge of the final order, they must seek – if they learn of it timely, they have to file a motion for a new trial in order to succeed, you know, or if they don't do it, they have to show good cause for why they did not. And the only cause that [Mother] has pled and also given testimony and filed affidavits is that the agreement was never explained to her properly and that she talked with her attorney and he said that he was going

10

**Conclusion**

Having overruled Mother's four issues, we affirm the trial court's order.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

MEIER, J., concurs without opinion.

DELIVERED:  October 23, 2014

---

to fix it.  I think that's clearly at the very core of the bill of review, and I think that the only way it can be rebutted is through the attorney that she's claiming she hired and used at the time of the mediated settlement agreement and at the time of the post August 2008 order being signed.

11